465 So.2d 184 (1985)
Charles S. TRUDELL, Plaintiff-Appellee,
v.
STATE of Louisiana, OFFICE OF RISK MANAGEMENT, Defendant-Appellant.
No. 84-236.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1985.
Peter John Lemoine, Bunkie, for plaintiff-appellee.
Darrel D. Ryland and Steve Gunnell, Marksville, for defendant-appellant.
Before GUIDRY, FORET and STOKER, JJ.
STOKER, Judge.
The defendant in this worker's compensation suit appeals from the trial court ruling finding the plaintiff, Charles Trudell, to be totally and permanently disabled and awarding penalties and attorney's fees. Plaintiff answers the appeal asking for an increase in attorney's fees. We affirm the trial court's finding as to disability, but reverse the award of penalties and attorney's fees.

FACTS
At trial, the parties stipulated that Mr. Trudell was employed by the Louisiana Office of Family Security on November 10, 1982, and that he had an accident on that date while in the course and scope of his employment. The parties stipulated further *185 that the Office of Risk Management is the worker's compensation insurer for any claims asserted by Mr. Trudell in this proceeding, and that the rate of compensation is $128.59. In addition, it was agreed that weekly benefits and medical bills in the amounts of $5,015.20 and $10,715.53, respectively, were paid through August 9, 1983, and no payments have been made since that time.

DISABILITY
Mr. Trudell was mopping the floor as part of his regular duties when he tripped on a chair and fell backward. He sought immediate treatment at a local hospital where he received an injection for back pain. The next day Mr. Trudell saw his family physician, Dr. L.J. Mayeux.
It is undisputed that Mr. Trudell has previously had back complaints. The most recent injury, other than the one which is the subject of this dispute, occurred in January of 1982, when Mr. Trudell was involved in a car accident. Mr. Trudell saw Dr. Mayeux on January 25, March 25, June 29 and July 8, 1982 with back complaints. Other visits during this time were for other, unrelated problems.
On November 11, Dr. Mayeux states he found no objective signs of back injury, but diagnosed back pain from subjective complaint. He prescribed conservative treatment. Dr. Mayeux saw Mr. Trudell again on November 15, and subsequently scheduled a CAT scan for him. In Dr. Mayeux's opinion the CAT scan ruled out the possibility of disc injury.
Dr. Mayeux referred Mr. Trudell to Dr. T.E. Banks, an orthopedic surgeon, on November 29. Dr. Banks made some x-rays at this time and compared them to others made in 1978. In his opinion there had been no appreciable change. Dr. Banks stated that he found practically no objective signs of injury, and he felt that Mr. Trudell was exaggerating his complaints. Dr. Banks stated that Mr. Trudell had a subsiding back strain, possibly superimposed upon a chronic problem, and that he could return to work in a maximum of twelve weeks.
Mr. Trudell saw Dr. Mayeux with back complaints again on November 30 and February 25, 1983, his last visit. Dr. Mayeux attributes Mr. Trudell's complaints to possible degenerative or arthritic changes. In a letter dated February 28, 1983, to the Office of Risk Management, Dr. Mayeux made the following comments:
"I do feel that Mr. Trudell is after [sic] free ride from the Government. I have been trying to help Mr. Steven Dauzat at the local Welfare office in getting this man terminated.
* * * * * *
"Patient is seeing a chiropractor for his back which I think is a ridiculous move.
* * * * * *
"The sooner a disposition may be made on this man and he is either terminated or returned to work, the better we the taxpayers of Louisiana will be."
Dr. Banks examined Mr. Trudell again on March 21, 1982. Again, Dr. Banks stated he found no objective signs, and he felt Mr. Trudell could return to work. Dr. Banks was of the opinion that there was no evidence of disc injury.
Mr. Trudell was next seen by Dr. Henry Kellerman, a general practitioner, on April 15, 1983. Dr. Kellerman states that x-rays taken on that date were normal, but these x-rays did not eliminate the possibility of a disc injury. On April 22, Dr. Kellerman noted a decrease in reflex which could indicate a disc injury. He referred Mr. Trudell to Dr. William Fisher, a neurosurgeon.
Dr. Fisher saw Mr. Trudell on April 26, 1983, and felt at that time Mr. Trudell should be evaluated for a possible herniated lumbar disc due to the duration of his complaints. Mr. Trudell was hospitalized on May 5, 1983. A CAT scan was normal, but physical therapy seemed to improve the complaints. Another examination on May 19 showed normal findings.
Dr. Kellerman saw Mr. Trudell again on May 21. He was hospitalized from June 8 to June 15 and was treated by traction. *186 Conservative treatment was continued due to Mr. Trudell's reluctance to have a myelogram which was recommended in order to detect disc injury. At subsequent visits on July 20, August 2, August 9 and September 1, Dr. Kellerman continued to recommend a myelogram. His opinion is that Mr. Trudell was disabled throughout this time. On August 11, Dr. Fisher detected mild spasm and recommended a myelogram.
Mr. Trudell saw Dr. Bruce Razza, an orthopedic surgeon on September 12, 1983, and again on November 8, 1983. Based on his findings during examination, Dr. Razza indicated that Mr. Trudell had evidence of disc injury. He recommended an advanced form of CAT scan and nerve conduction studies to enable him to make a definite diagnosis. Surgery would probably be recommended. Dr. Razza was of the opinion that Mr. Trudell remained totally disabled.
In considering the medical evidence along with the testimony of Mr. and Mrs. Trudell, we cannot say that the trial court committed manifest error in its disability finding. The trial court's reasonable evaluations of credibility and inferences of fact should not be disturbed even though other evaluations may be reasonable. Crump v. Hartford Accident and Indemnity Company, 367 So.2d 300 (La. 1979).
The judgment of disability is affirmed.

PENALTIES AND ATTORNEY'S FEES
The plaintiff is entitled to penalties and attorney's fees only if the refusal to pay benefits was arbitrary, capricious and without probable cause. An insurer should not be penalized for seeking judicial resolution of close factual issues. Thompson v. Natchitoches Parish Hospital Service District, 335 So.2d 81 (La.App. 3rd Cir.1976), writ denied, 338 So.2d 298 (La.1976).
In view of the conflicting medical evidence before us and considering the difficulty in diagnosing Mr. Trudell's condition, we do not agree that penalties and attorney's fees should be awarded. The refusal to reinstate payment of benefits was not arbitrary and capricious.
For the above reasons, the trial court judgment awarding benefits for total and permanent disability is affirmed. The award of penalties and attorney's fees is reversed. Costs of this appeal are assessed to defendant-appellant.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.