527 So.2d 544 (1988)
Clannis FREEMAN, Plaintiff-Appellee,
v.
BROWN'S FURNITURE OF BUNKIE, INC., Defendant-Appellant.
No. 87-531.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
*545 Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Brinkhaus, Dauzat, Peter F. Caviness, Opelousas, for defendant-appellant.
J. Wendel Fusilier, Ville Platte, for defendant-appellee.
Before DOUCET, YELVERTON and KNOLL, JJ.
DOUCET, Judge.
Plaintiff-Appellee, Clannis Freeman, filed a worker's compensation suit against Brown's Furniture Company of Ville Platte, Inc. (Brown's) for injuries he allegedly received to his lower back in mid-December of 1985. Plaintiff, in his petition, alleged that he sustained this injury while he was in the course and scope of his employment with Brown's and therefore is seeking recovery of worker's compensation benefits and medical expenses.
Initially, plaintiff filed suit against Brown's, but later amended his petition to include Jasper J. Fontenot, supervisor of Brown's, as an additional alternate defendant, urging that if he was not employed by Brown's at the time of the accident, then he was employed by Fontenot individually and thus, Fontenot would be liable to him for the benefits sought in the lawsuit. Both Brown's and Fontenot filed cross-claims against one another seeking contribution and/or indemnity in the event they are cast in judgment.
The facts show that plaintiff suffered an injury to his back in mid-December of 1985 while he was loading a fireworks stand onto a trailer. Plaintiff had been employed by Brown's on and off for approximately five (5) years before the accident. Initially, plaintiff's duties consisted of driving the Brown's delivery truck and loading and unloading furniture and appliances. After the first year however, plaintiff's duties consisted primarily of yard work and general handy work at Fontenot's residence, Bobby LeCombe's residence (the Brown's manager), and at the store itself. In order to compensate plaintiff for his work, plaintiff received a pay check from Brown's in the amount of $200.00 per week. Additionally, plaintiff received cash from Fontenot, individually, for work performed over forty hours per week.
Fontenot owned several fireworks stands and the stands were distributed at Christmastime around Ville Platte and neighboring towns for the sale of fireworks.
The accident occurred while plaintiff was in the process of loading a fireworks stand owned by Fontenot personally onto a trailer. The accident occurred in front of Fontenot's home. The evidence is clear that Brown's derived no revenue or income from the sale of the fireworks.
Following a trial on the merits, the lower court found that plaintiff was in the employ of Brown's Furniture at the time of the accident. The court also found that even though plaintiff was injured while doing personal work for Fontenot, he was performing duties delegated to him by *546 Brown's during Brown's regular hours of employment for an officer and co-owner of Brown's. The trial judge concluded that Fontenot was allowed to use plaintiff for part-time work as "a perk or emolument" of his employment with Brown's. Moreover, the trial judge found that plaintiff was under the direct control of Brown's as he was paid, hired, ordered to do work, and could have been fired by Brown's employees. Consequently, the court concluded that Brown's had never relinquished control of plaintiff to Fontenot personally. Thus, plaintiff was not a borrowed employee of Fontenot's. Additionally, after considering the medical evidence, the trial court concluded that plaintiff was temporarily totally disabled within the meaning of the Louisiana Worker's Compensation statute and awarded him worker's compensation benefits ($133.33 per week) as well as medical expenses. Plaintiff's suit against Fontenot was dismissed along with all of the third party suits. Finally, the court denied plaintiff recovery of statutory penalties and attorney's fees.
It is from this judgment that Brown's suspensively appealed. Plaintiff answered the appeal seeking a declaration by the court that he is totally and permanently disabled. Moreover, plaintiff, in his answer, requests this court to find that Fontenot is liable to him, either jointly, severally, and/or in solido with Brown's, or that Fontenot is liable unto him individually in the event that this court reverses the trial court's judgment against Brown's. In his answer, plaintiff also prays for statutory penalties and attorney's fees.
We first address appellant's contention that the trial court erred in holding that Clannis Freeman was an employee of Brown's and that he was engaged in a trade, business, or occupation of Brown's at the time of the alleged accident.
La.R.S. 23:1035, in defining "employees covered" by the Worker's Compensation Act states that "The provisions of this chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his own trade, business or occupation, or in the course of his employer's trade, business or occupation...." Thus, the pertinent inquiry in any worker's compensation case is whether the employee seeking recovery was employed by the defendant and whether he was engaged in the trade, business or occupation of his employer at the time that the injury is sustained. We conclude that the answer to both of these inquiries is in the affirmative.
In the instant situation, plaintiff was paid a salary of $200 per week by Brown's and was carried as a regular employee on Brown's payroll records. Plaintiff was provided with a Brown's company uniform and testified that he considered himself to be an employee of Brown's. Plaintiff's duties consisted of loading, unloading and delivering furniture and appliances and doing yard work and other outdoor work. In addition to the duties plaintiff performed on the Brown's premises, he was assigned by Brown's to render personal services for Fontenot. The duties performed by plaintiff for Fontenot personally generally consisted of yard work and general handy work. As correctly concluded by the trial judge, this privilege was given to Fontenot as a perk or emolument of his employment with Brown's. Moreover, plaintiff could have been dismissed by Brown's at any time through Fontenot as he was the managing officer and part-owner of the Furniture company. Additionally, Denise Manuel and Robert LeCombe, both Brown's employees, testified that if plaintiff was working at Fontenot's house and plaintiff was needed at Brown's, the store took precedence. The two employees added that they had the right to countermand Fontenot's orders to plaintiff to perform personal work for him if plaintiff was needed at Brown's. In summary, plaintiff was under the direct control of Brown's.
In light of the foregoing, we find that plaintiff was employed by Brown's and was engaged in Brown's trade, business or occupation at the time he injured his back. Thus, we conclude that the trial court was correct in so ruling.
This court rejects appellant's contention that because plaintiff was often paid an *547 additional sum of money by Fontenot for overtime work plaintiff performed for him, he must be considered Fontenot's employee. The accident which forms the subject of this suit occurred on a Friday morning, a time when Brown's regularly employed plaintiff. The injury did not occur during these additional overtime hours.
With respect to appellant's contention that plaintiff was a "borrowed servant" of Fontenot at the time of the accident, we find no merit. In order for an employee to be deemed "borrowed", Louisiana jurisprudence has recognized that the general employer must relinquish control to the borrowing employer. Dupre v. Sterling Plate Glass & Plant Co., Inc., 344 So.2d 1060 (La.App. 1st Cir.1977), cert. den. 347 So.2d 246 (La.1977).
In the instant situation, plaintiff was paid by Brown's and Brown's always retained the right to fire plaintiff through its manager, Fontenot. The services plaintiff performed for Fontenot were a requirement of his employment with Brown's. Additionally, work at Brown's always took precedence over the personal services plaintiff performed for Fontenot. Thus, we conclude that Brown's did not relinquish control over plaintiff when he was sent to work for Fontenot. As such, we find that the trial court did not err when it did not recognize plaintiff as a borrowed servant.
In Brown's final assignment of error, it urges that "The trial court erred in holding that Clannis Freeman is disabled within the meaning of the Worker's Compensation Act as a result of the alleged accident." We disagree.
The accident occurred while plaintiff was transporting fireworks sheds from location to location in the City of Ville Platte. When plaintiff was moving one of the sheds onto a trailer he strained and injured his back. Plaintiff felt pain in his back but continued to attempt to work. Plaintiff then went to Dr. Gregory Fusilier complaining of pain in his back. Plaintiff informed Dr. Fusilier that he injured himself while he was moving fireworks. Upon examination, Dr. Fusilier opined that plaintiff had at least suffered a lumbar strain and a gluteal muscle spasm at that time. Moreover, Dr. Fusilier opined that he could not rule out the possibility that plaintiff sustained a lumbar disc herniation. Dr. Fusilier testified that because plaintiff did not respond to conservative measures, he suspected a ruptured intervertebral disc. Thus, Dr. Fusilier found clear objective evidence of an injury and disability and testified that plaintiff suffered at least a back strain and a possible lumbar disc injury.
Plaintiff also was examined by Dr. Leon Lastrapes. Dr. Lastrapes, a radiologist who performed a CT Scan on plaintiff, opined that there was a lateral forcal disc protrusion at the L4-5 level of the spine. After reviewing the CT Scan report, Dr. Fusilier agreed with Dr. Lastrapes' findings and stated that he suspected that this condition was caused through lifting, straining, bending, or some other traumatic event.
Finally, plaintiff was examined by Dr. Lionel Mayer. While Dr. Mayer's deposition indicated that he needed further studies to rule out disc herniation, he did conclude that there was a possible protrusion of plaintiff's lumbar disc. Based on the foregoing, we conclude that the trial court was not in error when it found plaintiff to be temporarily totally disabled. Despite the fact that appellant contends that plaintiff was not disabled since he continued to try to work, we find that there is enough objective evidence of plaintiff's disability to affirm the judgment of the trial court with respect to this issue. As such, we will not disturb the trial court's ruling with respect to this issue on appeal.
As previously stated, plaintiff filed an answer to the appeal requesting this court to declare him permanently and totally disabled and to award him penalties and attorney's fees. With respect to the disability issue, while we agree that plaintiff is temporarily totally disabled within the meaning of the Louisiana Worker's Compensation statute, we cannot say that plaintiff is permanently and totally disabled. There is simply no evidence in the record to support such a finding. With *548 respect to the issue of penalties and attorney's fees, we find that the trial judge was correct when he stated in his written reasons for judgment that there was a "bonafide dispute as to plaintiff's Workmen's Compensation claim both as to the facts of the accident, his disability and employment." Thus, we will not disturb the lower court's finding with respect to this issue on appeal.
Accordingly, for the foregoing reasons, the judgment of the lower court is affirmed. All costs are assessed to defendant/appellant.
AFFIRMED.