KLIEBERT, Chief Judge.
Appellant-employee, John P. Munch, III, appeals the judgment of an administrative hearing officer maintaining an exception of prescription filed by appellee-employer, Lafitte Barataría Crown Point Fire Department, in response to Mr. Munch’s worker’s compensation claim.[1] We find that the claim had not prescribed and we therefore reverse and remand for further proceedings.
The record reflects that Mr. Munch was employed as a full-time firefighter with the Lafitte Barataría Crown Point Fire Department. On October 13, 1990, Mr. Munch suffered a heart attack while on duty. He received medical treatment at a local hospital which discharged him after a few days to recuperate at home. His treating cardiologist released him to full work duties on November 11, 1990. Mr. Munch returned to his job as a firefighter and worked a full schedule until March 1, 1991, when his cardiologist instructed him to reduce his work schedule to only two nonconsecutive days a week. He continued working as a firefighter until April 13, 1991. On that date, the treating cardiologist advised Mr. Munch, then 45 years old, that he was disabled from firefighting because of his heart condition.
Mr. Munch filed a claim for worker’s compensation benefits alleging that his disability from further service as a firefighter developed from the October 13, 1990 heart attack which he contends was work-related. Lafitte Barataría Crown Point Fire Department responded with an exception of prescription asserting that the claim was time-barred because it was filed on October 29, 1991, more than one year after the heart attack occurred.
*102 In opposing the exception, counsel for Mr. Munch urged that the claim was filed on October 11,1991 when he mailed a letter asserting the claim to the Office of Worker’s Compensation at the Baton Rouge address shown on a printed claim form. That letter, according to claimant’s attorney, was returned undelivered on October 16, 1991 with a wrong address notation on the envelope. Claimant’s counsel stated that he re-mailed the claim to the Office of Worker’s Compensation at the correct address in Baton Rouge on the same day that the earlier claim was returned undelivered. On October 23, 1991, the Office of Worker’s Compensation sent claimant’s counsel a letter requesting submission of a new claim form, a claim data form, and service copies of the claim. The Office of Worker’s Compensation received those documents from claimant’s counsel on October 29, 1991.
The hearing officer found that the letter dated October 11, 1991 was sufficient to initiate a worker’s compensation claim on Mr. Munch’s behalf, but that the evidence was insufficient to establish that the claim was filed timely. Claimant’s counsel offered a photocopy of the envelope allegedly used to mail the letter, as proof of the date on which the letter was sent to the Office of Worker’s Compensation. However, the postmark on the photocopy of the envelope was unclear and claimant’s counsel was unable to produce the original of the envelope.[2] The hearing officer noted that, based on LSA-R.S. 23:1209 B,[3] the postmark on the envelope provided the only means to determine the timeliness of the filing of this claim. Since Mr. Munch could not establish that his worker’s compensation claim was filed within one year after his heart attack on October 13, 1990, the hearing officer maintained the exception of prescription.
LSA-R.S. 23:1209 A governs prescription for worker’s compensation claims:
“In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment.... Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
In maintaining the exception of prescription, the hearing officer viewed the applicable prescriptive period as one year commencing from the date of Mr. Munch’s heart attack on October 13, 1990. However, the claim asserted by Mr. Munch does not allege a compensable injury at the time of the heart attack. Rather, the claim alleges that Mr. Munch recuperated for a short period following the heart attack and then returned to his firefighting duties which he performed until April 15, 1991 when the treating cardiologist advised Mr. Munch that he was disabled from firefighting. Mr. Munch claims that his injury de *103 veloped at the time he became disabled from working as a firefighter.
When the injury does not result at the time of the accident or does not develop immediately thereafter, the one-year prescriptive period for a worker’s compensation claim does not lapse until one year from the time the injury develops. In such cases, however, the worker’s compensation proceeding must be instituted within two years of the accident. LSA-R.S. 23:1209 A. Development of the injury equates with development of the disability. ‘‘[D]isability marks the time from which it is clear that the employee is no longer able to perform the duties of his employment in a satisfactory manner.” Swearingen v. Air Products & Chemical, Inc., 481 So.2d 122, 124 (La.1986).
Considering the allegations of the claim in this case, the prescriptive period applicable to Mr. Munch’s claim for worker’s compensation benefits did not commence until he was disabled from his firefighting duties on April 13, 1991. These proceedings were initiated within one year of that date and within two years of his heart attack on October 13, 1990. The hearing officer incorrectly viewed the prescriptive period in this case as commencing on the date of the heart attack rather than on the date Mr. Munch alleges his injury developed. The claim was filed timely and the hearing officer erred in maintaining the employer’s exception of prescription. Pon-ville v. Travelers Ins. Co., 591 So.2d 421 (5th Cir.1991), writ denied, 592 So.2d 1336 (La.1992). The hearing officer’s judgment must therefore be set aside and the case remanded for further proceedings on Mr. Munch’s claim for worker’s compensation benefits.
Our disposition of this appeal on the issue of prescription makes it unnecessary to address the remaining issues asserted by the parties in their appellate briefs. We specifically note, however, that we do not express any opinion about the merits of Mr. Munch’s claim for worker’s compensation benefits. The merits of that claim must await resolution during the proceedings on remand. Additionally, our disposition of this case renders moot the motion by appellant-claimant to supplement the appellate record with the original envelope allegedly used by claimant’s counsel to mail the letter dated October 11, 1991 to the Office of Worker’s Compensation.
Accordingly, we reverse the judgment of the hearing officer maintaining the exception of prescription and remand for further proceedings. Appellee-employer is to bear the costs of this appeal.
REVERSED AND REMANDED.

. LSA-R.S. 23:1310.5 specifically authorizes the hearing officer’s decision on a worker’s compensation claim to be appealed to the circuit court of appeal.

. During the pendency of this appeal, Mr. Munch's counsel claims that she located the original envelope in the records of the Worker’s Compensation Office for District 7. She has filed a motion to supplement the appellate record with the original envelope, and that motion has been referred for disposition as part of this appeal.

. In pertinent part, LSA-R.S. 23:1209 B provides:
“If the claim is received by mail on the first legal day following the expiration of the due date, there shall be a rebuttal presumption that the claim was timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof."