801 So.2d 604 (2001)
Shawn FRANCIS
v.
BFI.
No. 01-769.
Court of Appeal of Louisiana, Third Circuit.
December 12, 2001.
*605 James J. Hautot, Jr., Judice & Adley, Lafayette, LA, Counsel for Defendants/Appellants: BFI, AIG Claims Service, Inc.
Julian Louis Gibbens, III, Doucet & Speer, Lafayette, LA, Counsel for Plaintiff/Appellee: Shawn Francis.
Court composed of ULYSSES GENE THIBODEAUX, BILLIE COLOMBARO WOODARD, and GLENN B. GREMILLION, Judges.
WOODARD, Judge.
In this workers' compensation case, BFI appeals the workers' compensation judge's decision, which found that Mr. Shawn Francis had suffered a work-related accident. The WCJ, also, found that he was entitled to workers' compensation indemnity benefits from the date of the accident forward, yet, granted BFI a credit against its liability to Mr. Francis for workers' compensation benefits to the extent that the employer health plan primarily funded the medical benefits provided to Mr. Francis for his work-related injuries; and to the extent that an employer-funded long term disability policy paid disability benefits on behalf of Mr. Francis; and for any wages earned by Mr. Francis subsequent to his date of injury. We affirm.

* * * * *
Mr. Francis, an employee of BFI, filed a workers' compensation claim because of an alleged work-related accident, occurring on I-10, between Lafayette and Lake Charles, Louisiana on April 28, 2000. He claimed that he was driving the truck, when he injured his hip after hitting a pothole or hump in the road, which caused the truck's cab to move. Consequently, his body awkwardly shifted as he attempted to maintain control of the steering wheel. He testified, "I hit that rough area which could have been a pot hole or a hump in the street, I shifted in the truck. The steering wheel has a lot of play in it, so after I shifted it, I tried to get-tried to maintain control of the truck.... And after that, that's when I felt the pain in my hip."
Subsequently, Mr. Francis returned to the yard and allegedly reported the pain to his supervisor, Troy; however, he did not file an accident report because he believed his pain resulted from an old hip injurya relapse had occurred. Consequently, he continued working; he hoped that the pain would subside during the weekend. On April 30, 2000, Mr. Francis presented to the Lafayette General Medical Center emergency room, where he was diagnosed with a pinched nerve. Notwithstanding, he reported for duty the next day.
*606 On May 3, 2000, five days after the alleged accident, Mr. Francis informed another supervisor, Carolyn, that he needed immediate medical attention. When questioned if he had injured himself on the job, rather than answering her, he insisted upon medical attention and indicated that he would tell her all about it later. That same day, BFI scheduled an appointment for him with Dr. Olga Reavill.
Dr. Reavill felt that Mr. Francis suffered hip and leg pain from a lumbar disc injury. Ultimately, she recommended that a specialist treat him. He chose Dr. Morgan Lorio, an orthopedic surgeon, who subsequently performed back surgery on him on September 29, 2000. He has not yet been released for work.

LEGAL CAUSATION
To be entitled to receive workers' compensation benefits, Mr. Francis must first establish, by a preponderance of the evidence, that he was injured during the course and scope of his employment. Under the Louisiana Worker's Compensation Act, an "accident" is defined as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration."[1]
On appeal, BFI alleges that Mr. Francis failed to meet his burden of proving that a work-related accident occurred. The WCJ weighed the evidence regarding this issue. Her determination is a factual one. Consequently, we will not disturb the resolution of this issue absent manifest error. We will only set aside her factual finding if the record demonstrates that there was no reasonable basis for it and that it is clearly wrong.[2] Additionally, this determination involves a credibility judgment to which we give great deference on review because "only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said."[3]
In determining whether the claimant has discharged his burden of proof, the trier of fact should accept, as true, a witness' uncontradicted testimony, even though the witness is a party, absent circumstances casting suspicion on the reliability of that testimony.[4] The worker's testimony, alone, may be sufficient to discharge this burden, provided that two elements are satisfied: (1) no other evidence discredits or casts serious doubt on the worker's version of the incident; and (2) the circumstances, following the alleged incident, corroborate the worker's testimony.[5]
Mr. Francis testified that he did not fill out an accident report on the day of the accident because he felt that he had just had a relapse of an old hip injury. For that reason, he continued working. He, further, testified that he informed his wife, who insisted that he go to the emergency room, of his hip pain. However, she did not testify at trial. Mr. Francis stated that he, also, had told the medical personnel at the hospital that his hip pain resulted from a work-related injury. Nevertheless, *607 the medical records from the emergency room, however, do not indicate this information. Rather, the records state that he reported with a chief complaint of back, right hip, and leg pain for one week, as well as a history of a "bruised" right hip. A recent trauma was not reported.
On May 3, 2000, Mr. Francis saw Dr. Reavill. Her notes indicate that, both, he and his wife denied the onset of an injury. She wrote, "Pt and wife deny any injury he just started c/o hip pain." Mr. Francis testified that he did not remember Dr. Reavill asking him how he got hurt, but her deposition clearly states that she continuously asked him what he was doing when the pain started or how he was injured.
The WCJ found that "there's nothing that really contradicts the claimant's version of events.... Unwitnessed accident can be proven by the claimant's testimony alone if there's nothing that seriously casts doubt on the version of event." The WCJ found the denial of trauma or accident to be insignificant and inconsequential because of the language used. She explained that Mr. Francis is a man of very limited education. He only completed the sixth grade and cannot even read a newspaper. Consequently, a lay person, such as himself, may not use the terms accident or trauma to indicate an injury because the trauma experienced was not a car accident or head trauma. As for corroboration, although it is minimal, sufficient evidence was not presented to discredit Mr. Francis' version of the events. Therefore, the WCJ found that he met his burden of proving that he was hurt on the job.
As the WCJ's findings are reasonable in light of the entire record, we may not reverse, even though we may be convinced that, had we been sitting as the trier of fact, we would have weighed the evidence differently.[6] Consequently, the WCJ did not commit manifest error.
The WCJ had a rational basis for her finding; therefore, we cannot say that she was clearly wrong.[7] Accordingly, we affirm.

CONCLUSION
Finding no manifest error, we affirm the WCJ's ruling that Mr. Francis proved that he had suffered a work-related accident and is, therefore, entitled to compensation benefits, subject to the credits BFI has earned against their liability.
AFFIRMED.
NOTES
[1] La.R.S. 23:1021(1).
[2] Stobart v. State Through DOTD, 617 So.2d 880 (La.1993).
[3] Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989).
[4] Watkins v. Asphalt Assoc., Inc., 96-249 (La. App. 3 Cir. 12/4/96); 685 So.2d 393.
[5] Bruno v. Harbert Int'l Inc., 593 So.2d 357 (La.1992).
[6] Lyons v. Bechtel Corp. & AIU N. Am., Inc., 00-00364 (La.App. 3 Cir. 12/27/00); 788 So.2d 34.
[7] Rosell, 549 So.2d 840.