STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
WCA 03-930

**JOSEPH R. LEGER**

**VERSUS**

**GREY WOLF DRILLING COMPANY**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 01-07534
SHARON MORROW, WORKERS COMPENSATION JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.

**AFFIRMED.**


**James D'Arensbourg Hollier**
**Laborde & Neuner**
**Post Office Drawer 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Grey Wolf Drilling Company**

**Richard E. Smith**
**The Glenn Armentor Law Corporation**
**300 Stewart Street**
**Lafayette, LA 70501**
**(337) 233-1471**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Joseph R. Leger**


AMY, Judge.

The claimant filed the instant matter seeking workers' compensation benefits due to injuries he alleges resulted from a work-related accident. The workers' compensation judge awarded the benefits. The employer appeals, asserting that the workers' compensation judge applied the incorrect burden of proof. For the following reasons, we affirm.

## Factual and Procedural Background

On September 11, 2001, the claimant, Joseph Leger, was employed by Grey Wolf Drilling Company as a derrickman on a land-based rig. He contends that he sustained a work-related injury on that day while stepping from a metal box. He asserts that, while doing so, his foot slipped. Although he does not allege a fall, he contends that the slip caused him to twist and injure his back. Mr. Leger explains that he did not immediately report the accident, but felt that the pain would resolve. He left later that day, the final day of a seven-day work stretch. Mr. Leger contends that, in the subsequent days, the pain did not abate, causing him to exercise caution in his activities, including a day of moving boxes and furniture from one residence to another. Due to his injury, Mr. Leger contends, he had friends assist in the move. He denied lifting boxes during the move that were in excess of fifteen pounds.

Due to his seven-day on, seven-day off schedule, and a week of pre-arranged leave to conduct personal business, Mr. Leger was not scheduled to return to work until October 3, 2001. Mr. Leger did not report to work as scheduled, but visited Dr. Reginald Segar, a family practitioner. According to Dr. Segar, Mr. Leger reported the twisting of his back and described worsening pain that radiated from his back into his left leg and heel. Dr. Segar explained in his deposition that he diagnosed Mr. Leger as having a myofascial lumbar strain at that time. Mr. Leger began to receive treatment as of October 3rd.

2

The claimant contends that he contacted his supervisor, Joel Kirkpatrick, to let him know that he would not be reporting to work. According to Mr. Kirkpatrick, however, he contacted Mr. Leger on the October 3rd after he failed to report to work at the scheduled time. In any event, an accident report was completed at that time. The employer denied compensation benefits.

Mr. Leger filed a disputed claim for compensation on October 15, 2001, seeking indemnity and medical benefits. The workers' compensation judge found in favor of the claimant, concluding that the claimant demonstrated the existence of an injury. The matter was continued for the claimant to present additional evidence regarding the question of whether the disability continued. Subsequently, the claimant presented the deposition of Dr. Segar, who explained that he found the claimant to still be disabled. On the issue of disability, the employer presented the deposition of a State Trooper who arrested Mr. Leger for simple assault for raising his arms in a threatening posture following a car accident in December 2001. The trooper reported that Mr. Leger denied any pain or injury at the time of the accident. After these post-trial submissions, the workers' compensation judge concluded that the claimant was entitled to continuing supplemental earnings benefits.

The employer appeals, assigning the following as error:

1. The trial court erred by failing to apply the "clear and convincing" burden of proof and dismissing the claim based upon the evidence presented. Leger's allegation of a work-related injury is supported only by his own testimony, and the record is filled with evidence which casts doubt on his credibility.

2. The trial court committed manifest error in ruling that Leger proved his claim of a work-related disability by a preponderance of the evidence.

3. Alternatively, the trial court erred in concluding that Leger's disability extended beyond December 18, 2001.

3

**Discussion**

*Burden of Proof*

The employer first contends that the trial court erred in applying the preponderance of evidence standard in considering whether the claimant established the existence of an accident. It asserts that the accident was unwitnessed and that it presented evidence casting doubt on Mr. Leger's credibility. Thus, the employer contends, a higher, clear and convincing burden of proof should have been found applicable. The employer cites *Crochet v. American Tobacco Co.*, 407 So.2d 1330 (La.App. 3 Cir. 1981), for the proposition that the clear and convincing burden must be met when the claimant's testimony is presented without corroborating evidence. Furthermore, the employer contends that, if the preponderance of the evidence standard is found applicable, the determination that the claimant satisfied this burden was in error.

In discussing a claimant's burden of proof, the Louisiana Supreme Court has noted that, although workers' compensation provisions are to be construed liberally in favor of coverage, the worker does not enjoy a relaxed burden of proof. *See Coats v. Am. Tel. & Tel. Co.*, 95-2670 (La. 10/25/96), 681 So.2d 1243. Rather, a worker seeking compensation benefits must demonstrate injury by a work-related accident[1] by a preponderance of the evidence. *Id.*

In *Bruno v. Harbert International, Incorporated*, 593 So.2d 357, (La.1992), the supreme court observed that a worker's testimony, alone, may be sufficient to discharge the preponderance of the evidence standard. However, two elements must

---

[1]Louisiana Revised Statutes 23:1021(1) defines "accident" as: "[A]n unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration."

4

be satisfied: "(1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident." *Id*. at 361. *See also*, *Coats*, 681 So.2d 1243. Medical evidence and testimony of fellow workers, spouses, or friends were cited by the supreme court as examples of corroboration. *Bruno*, 593 So.2d 357. The supreme court in *Bruno*, specifically found a statement regarding the application of the clear and convincing standard of proof to be an error of law. Confirming its prior decision in *West v. Bayou Vista Manor, Inc.*, 371 So.2d 1146 (La.1979), the supreme court stated: [T]he worker's burden of proof, even if the worker is the sole witness to the accident, is by a preponderance of the evidence." *Bruno*, 593 So.2d at 364. Thus, there is no question as to the applicable burden of proof, only as to whether the claimant satisfied that burden of proof.

In the present case, the workers' compensation judge found the claimant satisfied his burden of proof by a preponderance of the evidence. In oral reasons for ruling, the workers' compensation judge stated:

> This is the type of case that's addressed in <u>Bruno</u>, an unwitnessed accident, and discusses the basically two-pronged evaluation of determining whether the burden of proof has been met with an unwitnessed accident.
>
> There are some discrepancies that [defense counsel] has demonstrated through her cross-examination and case in chief, and while I think those discrepancies are surely enough to prevent an award of penalties or attorney's fees, I simply can't say that they are sufficient to the extent that they cast such a suspicion on the case as to prevent Mr. Leger's recovering.
>
> I will say that I have made a credibility determination in Mr. Leger's favor and in his corroborating witnesses. And I will state for the record, not to hurt anybody's feelings or be ugly or anything, but I didn't have the impression that Mr. Leger has an intellectual flexibility or ability to be deceptive to the extent that would be needed to fool me, I guess. So either he's very, very good - - either he's lying to me and he's very, very good, or the one I choose is that he's not lying because I just

5

don't think he had the ability to pull one over really good on me. I may
be wrong, but that's what I'm going to adopt as my finding.

In written reasons, the workers' compensation judge explained: "The accident was not witnessed and not reported for three weeks. However, the WCJ finds that Leger was sufficiently credible and had sufficient corroboration to meet his burden of proving an accident by a preponderance of the evidence."

On appeal, we are mindful that a workers' compensation judge's determinations regarding credibility and whether the burden of proof has been satisfied are factual in nature. *Bruno*, 593 So.2d 357. These determinations are not to be disturbed unless they are clearly wrong or manifestly erroneous. *Id.*

Our review of the record indicates Mr. Leger testified that he was stepping from a metal box when his right foot slipped from underneath him. He stated that when he turned to the left to catch himself something "popped" in his lower back. He contends that although he was immediately in pain, he hoped that it would go away and he continued his work day. Dr. Segar testified that Mr. Leger reported similarly when he came to his office for treatment on October 3, 2001. Furthermore, a friend, Joseph Robert Gibbs, III, explained that Mr. Leger had called him a week and a half to two weeks after September 11th to ask for assistance in moving as he was fearful that he had injured his back. Mr. Gibbs explained that, during the move, he did not see Mr. Leger move anything heavier than ten or fifteen pounds. Mr. Leger's girlfriend, Tricia Romero, testified similarly with regard to the move and stated that Mr. Leger could no longer do the things that he used to do.

The employer contends that the above evidence should not be found sufficient to establish the claimant's burden of proof as several pieces of evidence, it contends, discredit the claimant's version of events. For example, Mr. Leger stated that he

6

phoned his supervisor to report the accident while Mr. Kirkpatrick, the supervisor testified that he initiated the telephone call to Mr. Leger after Mr. Leger failed to report to work on October 3, 2001. The employer also points out that, he testified that his right foot slipped, while he reported to the claims investigator that it was his left foot that slipped. Further, the insurer notes that Mr. Leger was involved in a December 2001 accident and did not report to the investigating Trooper that he was in any discomfort. The employer points to other alleged inconsistencies as well.

In light of the record, we conclude that the workers' compensation judge was neither manifestly erroneous nor clearly wrong in finding that the requirements of *Bruno* were established. Although the accident was unwitnessed, the claimant testified as to the occurrence of the accident and onset of pain. The workers' compensation judge found this testimony credible. Furthermore, although certain inconsistencies are present in the record, the workers' compensation judge acknowledged these, finding them insufficient to cast suspicion on the claimant's testimony. The record supports this determination regarding the weight to be given the inconsistencies. Also, Mr. Leger's claim of an injury and accident are corroborated in the record by testimony regarding his need for assistance in a move that occurred subsequent to the date of alleged injury. Both his friend and his girlfriend explained that the claimant was unable or unwilling to risk lifting heavy objects on that day due to pain. Moreover, Dr. Segar explained that Mr. Leger reported the "twisting" accident and complained of pain. Finally, Dr. Segar diagnosed myofascial lumbar strain. In subsequent visits, the claimant continued to complain of pain and was found to continue to evidence tenderness on exam. Dr. Segar described his complaints of pain as consistent with the accident as reported by Mr. Leger. These factors, we conclude, support the worker's compensation judge's determination that

7

the factors described by the supreme court in *Bruno,* for satisfaction of the preponderance of the evidence standard in a case involving an unwitnessed accident, were met in the present case.

These assignments regarding the satisfaction of the burden of proof are without merit.

*Continuation of Disability*

The employer also argues that the workers' compensation judge erred in determining that any disability continued after December 18, 2001, the date on which Mr. Leger was involved in an automobile accident. The employer points out that Trooper Frank Garcia denied that Mr. Leger reported that he was in any pain at the time of the accident and that his actions subsequent to the accident did not reveal any signs of distress. The insurer also points to Dr. Segar's deposition testimony indicating that his finding as to Mr. Leger's testimony was based on Mr. Leger's subjective complaints.

Our review of the record supports the trial court's determination that Mr. Leger's disability continued. Specifically, Mr. Leger testified that he felt that he could not return to work due to weakness in his leg and continued pain in his back, hips, and the back of his leg. Furthermore, Dr. Segar testified in his August 2002 deposition that he also felt that Mr. Leger was unable to return to work. He explained that Mr. Leger's complaints of pain and responses to exam were consistent, resulting in repeated findings of tenderness in the left paraspinous muscle area of the lower back. Dr. Segar treated Mr. Leger with medication and an injection, and noted that during the course of Mr. Leger's treatment he lost almost twenty pounds. Dr. Segar stated that, in his opinion, Mr. Leger was totally disabled and would fail any physical exam required for another manual labor position. Neither was the trial court required to

accept Trooper Garcia's testimony that Mr. Leger failed to report any pain resulting from the accident as indication that he no longer suffered a disability. Mr. Leger testified that he did not report any pain at the time of the accident to Trooper Garcia because, according to his statement, he was in no more pain after the automobile accident, than he was before the accident. We find no merit in the employer's assertion that the evidence does not support the workers' compensation judge's findings.

## DECREE

For the foregoing reasons, the ruling of the workers' compensation judge is affirmed. All costs of this appeal are assigned the employer, Grey Wolf Drilling Company.

**AFFIRMED.**