# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-530


KENNETH ARDOIN

VERSUS

FIRESTONE POLYMERS, LLC


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 07-09243
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

## SYLVIA R. COOKS, JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, John D. Saunders, J.David Painter and Shannon J. Gremillion, Judges.

**AFFIRMED IN PART, REVERSED IN PART. THIBODEAUX, CHIEF JUDGE, DISSENTS AND ASSIGNS WRITTEN REASONS. PAINTER, J. DISSENTS FOR THE REASONS ASSIGNED BY THIBODEAUX, CHIEF JUDGE.**

B. Scott Cowart
Taylor, Wellons, Politz & Duhe, APLC
7924 Wrenwood Boulevard - Suite C
Baton Rouge, LA 70809
Telephone: (225) 387-9888
COUNSEL FOR:
    Defendant/Appellant - Firestone Polymers, LLC

Gregory P. Marceaux
2901 Hodges Street
Lake Charles, LA 70601
Telephone: (337) 310-2233
COUNSEL FOR:
    Plaintiff/Appellee - Kenneth Ardoin

**COOKS, JUDGE**

Defendant-appellant, Firestone Polymers, LLC, asserts that the Office of Workers' Compensation (OWC) was manifestly erroneous by finding that 1) Firestone's employee, Kenneth Ardoin, proved he had a job-related accident, 2) Ardoin's claim for workers' compensation benefits has not prescribed, 3) this job-related accident caused Ardoin's disability, and 4) Ardoin was entitled to penalties and attorney fees. For the following reasons, we affirm in part and reverse in part.

I.

## ISSUES

We shall consider whether the Workers' Compensation Judge (WCJ) committed a manifest error by concluding that an employee filed a timely workers' compensation claim for an allegedly work-related knee injury, which allegedly caused the employee's subsequent disability, where the employee: 1) alleged an unwitnessed work accident which resulted in a knee surgery; 2) returned to full duty but, subsequently, was determined to be disabled; 3) did not immediately report the accident to the employer; 4) filed his claim within one year of his disability but not of his injury; and, 5) submitted no contemporaneous medical reports that specifically indicated he had a work accident. We shall also consider whether the WCJ committed a manifest error by awarding penalties and attorney fees to the employee, where the employer failed to investigate the employee's claim before denying the benefits.

II.

## FACTS

Firestone employed Ardoin since 1992. Ardoin started as a laborer and worked his way up to the position of a batch lab analyst. This job required Ardoin

to collect samples and test them in the laboratory. Several times a day, Ardoin had to ride a bicycle to the reactor unit, climb twenty eight stairs, collect the samples, and return to the lab for testing. Ardoin testified that sometime in June of 2006, during one of his bicycle trips, he almost fell off the bicycle. To prevent the fall, Ardoin alleged that he put his right leg down and twisted his knee.

Ardoin did not report this accident to his employer. Ardoin maintained that he was in fear of a reprimand because of a previous incident. In 2001, Ardoin injured his hand, reported the accident, and filed a workers' compensation claim. He was reprimanded and suspended for three days without pay for the unsafe acts he allegedly did to cause the injury.

On June 26, 2006, Ardoin sought medical attention for his knee pain from Dr. Craig Broussard. Dr. Broussard's report indicated that Ardoin denied any falls or injuries. On July 14, 2006, Ardoin saw Dr. Alan Hinton, an orthopaedic surgeon. Dr. Hinton's report indicated that Ardoin sustained a twisting injury to his right knee resulting in a medial meniscal tear. The subsequent MRI and surgery confirmed the diagnosis.

After the knee surgery, Ardoin returned to work on October 30, 2006. He passed the requisite fit-for-duty physical tests to ensure he could climb the stairs and perform his other job functions. After a while, Ardoin started experiencing pain, primarily in his right knee. He also complained of pain in his left knee. On March 12, 2007, he again saw Dr. Hinton. Ardoin subsequently underwent an MRI and a bone scan of both knees. Dr. Hinton concluded that Ardoin had a degenerative joint disease.

Ardoin's attorney sent a letter to Dr. Hinton asking the doctor to comment on the cause and nature of Ardoin's knee condition. In response, Dr.

Hinton sent a letter, dated August 12, 2008, the pertinent portions of which are as follows:

> Mr. Ardoin is a patient . . . who has sustained an on the job injury to his right knee. He sustained a medial meniscal injury. This was treated with surgical arthroscopy. Unfortunately he has had persistent pain and problems with the knee with the result in formation of arthritis secondary to his work injury. He has pain in his right knee. I think that his injury to his left knee possibly aggravated his right knee although causation is difficult to establish. Mr. Ardoin's right knee is very symptomatic resulting in disability. This was noted on March 7, 2007. His current restrictions are avoidance of ladders, no scaffolding working, no type of work that could result in a potential fall and he is precluded from prolonged stair climbing. His prognosis at this time is guarded. These are permanent restrictions.

Because Ardoin could not perform his former duties, he sought a light-duty assignment with Firestone. Unfortunately, Firestone was unable to accommodate Ardoin's condition. Ardoin then filed this claim for workers' compensation on December 6, 2007.

Although Firestone alleged that Ardoin intentionally made up this bicycle accident to obtain benefits to treat his long-standing and job-unrelated arthritis, the WCJ found that Ardoin sustained his burden of proof as to the occurrence of the accident. The WCJ also rejected Firestone's claims of prescription. Noting that Firestone presented no expert testimony to dispute the treating physician's conclusions as to the cause and the nature of Ardoin's disabilities, the WCJ concluded that Ardoin established that the bicycle accident caused his disabilities. Finally, because Firestone failed to perform any investigation into Ardoin's claims before the denial of his workers' compensation benefits, the WCJ awarded Ardoin penalties and attorney fees.

3

Firestone now appeals. Ardoin answered the appeal asking that we affirm the OWC's judgment and increase his attorney fees for answering and defending Firestone's appeal.

## III.

## STANDARD OF REVIEW

The WCJ's findings of fact are reviewed under the "manifest error" or "clearly wrong" standard. *Jim Walter Homes, Inc. v. Guilbeau*, 05-1473 (La.App. 3 Cir. 6/21/06), 934 So.2d 239. The appellate courts do not disturb the WCJ's finding of fact as long as they are reasonable and supported by the record. *Id.* The WCJ's determination as to whether or not a claimant willfully made a false statement to obtain workers' compensation benefits, as well as issues of causation, are findings of fact. *Id.*, *Hunter v. Alliance Compressors*, 06-100 (La.App. 3 Cir. 6/21/06), 934 So.2d 225. Finally, the WCJ's imposition of penalties and attorney's fees upon an employer are likewise findings of fact subject to the manifest error standard. *Guilbeau*, 934 So.2d 239.

## IV.

## LAW AND DISCUSSION

### 1) The Occurrence of a Work-Related Accident

An employee may prove by the employee's testimony alone that an unwitnessed accident in the course and scope of employment occurred if the employee can satisfy two elements: "(1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident." *Butterfield v. Turner Indus.*, 06-1098, p. 4 (La.App. 3 Cir. 2/7/07), 951 So.2d 476, 479, *writ denied*,

4

07-507 (La. 4/27/07), 955 So.2d 692 (quoting *Bruno v. Harbert Int'l Inc.*, 593 So.2d 357, 361 (La.1992)). The determination as to whether an accident occurred involves a judgment of credibility to which an appellate court gives great deference on review. *Francis v. BFI*, 01-769 (La.App. 3 Cir. 12/12/01), 801 So.2d 604, *writ denied*, 02-101 (La. 3/22/02), 811 So.2d 934. Thus, the appellate court may find a manifest error in a credibility determination where "objective evidence so contradicts an employee's testimony, or testimony is so internally inconsistent or implausible on its face that a reasonable factfinder would discredit the story." *Butterfield*, 951 So.2d at 480 (quoting *Hubbard v. Allied Bldg. Stores, Inc.*, 41,534, p. 5 (La.App. 2 Cir. 11/1/06), 942 So.2d 639, 643). Finally, when the WCJ acknowledges inconsistencies in the record, finding them insufficient to doubt the employee's testimony, an appellate court will not conclude otherwise if the record supports the limited weight the WCJ accorded the inconsistencies. *See Leger v. Grey Wolf Drilling Co.*, 03-930 (La.App. 3 Cir. 12/10/03), 861 So.2d 841.

For example, this court found manifest error in the WCJ's finding that an employee sustained an unwitnessed work-related back injury where: 1) the employee told his co-workers that he fell in his bath tub injuring his back at a later date; 2) the medical records indicated that the employee started taking medications for back pain only after the bath tub fall; and, 3) the employee's doctor's records did not contain anything that would indicate an injury in the relevant time period. *Butterfield*, 951 So.2d 476. On the other hand, this court found no manifest error in the WCJ's ruling in favor of an employee where: 1) the employee's medical records indicated that the employee denied the onset of injury to his doctor and complained of pain instead; and, 2) where the employee, in response to the direct question from his supervisor, was ambivalent as to whether this was a job-related injury. *Francis*,

801 So.2d 604. There, this court found no error with the WCJ's conclusion that the alleged lack of the accident or recent trauma report in the medical records was insufficient to discredit the employee's version of the events even when the corroboration was minimal. *Id.*

Although Firestone pointed to several inconsistencies in Ardoin's statements and actions, these inconsistencies were not of the nature that would cast a *serious* doubt on Ardoin's account of the accident. The WCJ considered Ardoin's prolonged denial of a work-related injury to his employer. As the employee in *Francis,* who did not report the injury to his supervisor because he was not sure whether the injury was work-related, Ardoin provided a reasonable explanation as to his failure to report the accident. The record supports the WCJ's conclusion that Ardoin was in fear of repercussions for reporting a work-related injury.

To prove unreasonableness of Ardoin's fears, Firestone pointed to an incident where Ardoin sustained and reported a work-related injury for which he was not admonished. Yet, this injury was prior to the one for which he was reprimanded and suspended without pay and, unlike the later injury, did not involve a claim for workers' compensation benefits. Moreover, Ardoin's return to full duty soon after his knee surgery also supported Ardoin's assertion that he simply wanted to take care of the knee problem and return to work as soon as possible without running the risk of a reprimand or suspension.

Furthermore, Dr. Broussard's notation that Ardoin denied any falls or injuries is not enough to cast a *serious* doubt on Ardoin's version of the events. The WCJ could have reasonably accepted Ardoin's testimony that he was in so much pain that he may have forgotten about the bicycle incident at the time he saw Dr.

6

Broussard. Moreover, Dr. Hinton's records of July 14, 2006 corroborated Ardoin's claim that Ardoin sustained an injury to his right knee.

Finally, Dr. Hinton's letter of August 12, 2008 stated that Ardoin "sustained an on the job injury to his right knee" that resulted in surgical arthroscopy. Firestone insinuated in its brief that Ardoin's counsel somehow coached Dr. Hinton to write that Ardoin sustained a job-related injury. Other than pointing to Dr. Hinton's failure to note the accident in his records, Firestone provided no evidence of such actions. The straightforward inquiry letter Ardoin's counsel sent to Dr. Hinton contained questions no different from the questions an attorney would ask at a deposition.

Based on the above considerations, we do not find that Ardoin's testimony is so internally inconsistent or that the objective evidence so contradicts Ardoin's account of the events as to find a manifest error in the WCJ's determination that the bicycle accident occurred.

## 2) Prescription

Generally, in workers' compensation cases, all claims for payments prescribe one year after the accident giving rise to the claim occurred. La.R.S. 23:1209 A(1). Yet,

> [w]hen the injury does not result at the time of or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.

La.R.S. 23:1209 A(3). Thus, where an employee claimed he suffered a work-related heart attack and, after medical treatment, returned to work but several months later was determined to be disabled because of his heart condition, the one-year

7

prescription did not start running until the employee was determined to be disabled. *Munch v. Lafitte Barataria Crown Point Fire Dep't*, 619 So.2d 101 (La.App. 5 Cir. 1993). There, because the employee filed his claim within two years of the heart attack, the court reversed the trial court's grant of exception of prescription. *Id.*

Here, like the employee who suffered a heart attack, Ardoin filed his claim within two years of his bicycle accident and within one year of his doctor's determination that Ardoin could no longer perform his previous job duties. Therefore, Ardoin's claim was timely.

### 3) Causation

Firestone argued Ardoin suffered from a degenerative osteoarthritis which resulted not from any accident but from Ardoin's over-use of his legs when he climbed twenty-eight stairs several times a day to collect the samples. Firestone asserted that because Dr. Hinton wrote the letter, in which he stated that Ardoin's injuries resulted from the work accident, in response to the inquiries from Ardoin's counsel, the letter had zero value. Moreover, pointing to the inconsistency in the letter with respect to which knee–right or left–was injured, Firestone speculated that the inconsistency may have been because "there was some error in translation when Dr. Hinton was given the accident story," presumably by Ardoin's counsel. Finally, quoting Dr. Hinton's "causation is difficult to establish," Firestone maintained that Ardoin failed to prove that the injury caused Ardoin's disability.

We note that Firestone chose not to depose Dr. Hinton, and it chose not to retain an expert that would give an opinion as to whether Ardoin's disability resulted from an accidental injury or from "over-use."

We find Firestone assertions of limited merit. In his letter, Dr. Hinton unequivocally stated that Ardoin "sustained an on the job injury to his *right* knee"

which was surgically treated. (Emphasis added). Dr. Hinton went on to state that arthritis formed in this same knee "secondary to his [Ardoin's] work injury." Then followed the inconsistency of which Firestone complained: "[h]e has pain in his right knee. I think that his injury to his left knee possibly aggravated his right knee although causation is difficult to establish." Undoubtedly, Dr. Hinton's vacillation had nothing to do with whether the job injury caused Ardoin's disability. Instead, Dr. Hinton hesitated to conclude that an injury to *one* knee aggravated the condition of the *other* knee, presumably because Ardoin favored the non-injured knee after the accident.

Whether or not the injury to one knee aggravated the condition of the other is of no importance in this case because Ardoin would be unable to perform his work duties even if only one of his knees was unusable. It is equally of no consequence whether the left knee condition aggravated the condition of the right knee or whether it was vice versa. Instead, Dr. Hinton's conclusion that Ardoin's disabling arthritis in his right knee *resulted from the injury Ardoin sustained while in the scope and course of his employment at Firestone* is what establishes the causation element of his claim.

### 4) Penalties and Attorney Fees

If the employer fails to timely pay workers' compensation benefits, the employee is entitled to penalties and reasonable attorney fees unless the employee's claim is reasonably controverted. *See* La.R.S. 23:1201. An employer could reasonably controvert a claim if the employer "engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed." *Brown v. Texas-LA*

*Cartage, Inc.*, 98-1063, p. 9 (La. 12/1/98), 721 So.2d 885, 890. The employer has a continuing duty to investigate its employee's claim and to assess factual information before it denies the benefits. *Penn v. Wal-Mart Stores, Inc.,* 93-1262 (La.App. 3 Cir. 6/15/94), 638 So.2d 1123, *writ denied*, 94-1835 (La. 10/28/94), 644 So.2d 651. Thus, failure to investigate the employee's claim subjects the employer or insurer to penalties and attorney's fees. *McClendon v. Keith Hutchinson Logging*, 96-2373 (La.App. 1 Cir. 11/7/97), 702 So.2d 1164, *writ denied*, 97-2872 (La. 2/13/98), 706 So.2d 995.

Firestone questioned Ardoin's co-workers, and no one saw Ardoin get hurt. When Ardoin's supervisor questioned him as to whether the injury to his knee occurred on the job, he said no. Ardoin admitted at trial he told his employer he was not hurt on the job, although he claims his denial was motivated by fear of retaliation. The employer certainly acted reasonably in relying on Ardoin's denial. The physician's report, which surmised Ardoin's injury resulted from a twisting maneuver, did not state initially that the injury occurred on the job. Ardoin admitted when questioned by his physician, he again denied the injury to his knee occurred on the job presumably for the same reason he denied it to his immediate supervisor. The first connection between Ardoin's injury and the job occurs in the doctor's letter of August 17, 2007 following which Ardoin initiated a claim for worker's compensation benefits claiming an on-the-job- injury.

The Louisiana Supreme Court has held that "an employer who has reasonable grounds to controvert the plaintiff's claim does not owe penalties and attorney fees." *Bowens v. General Motors*, 92-1307, 92-1322 (La. 11/30/92), 608 So.2d 999 citing *Williams v. Regional Transit Authority*, 546 So.2d 150 (La. 1989). As set forth above, Firestone had reasonable grounds to controvert Ardoin's claim. The authority to award statutory penalties in worker's compensation cases is found

in La. R. S. 23:1201(B,E), which provides in pertinent part, "Whenever the employee's right to such benefits has been reasonably controverted by the employer or his insurer, the penalties set forth in this Subsection shall not apply."  This court first set forth the test to determine the meaning of "reasonably controverted" in *Chelette v. American Guarantee and Liability Insurance, Inc.*, 480 So.2d 363 (La.App. 3 Cir. 1985) wherein this court stated:

> Black's Law Dictionary 298 (5th ed. 1979) defines 'controvert' as 'to dispute; deny, to oppose or contest; to take issue on.'  Using this definition along with a plain reading of the statute, we conclude that the following test is applicable: given the facts, medical and otherwise, known to the employer or his insurer, did the employer or insurer have a reasonable basis to believe that medical expenses and compensation benefits were not due the employee. Stated another way, did the employer or his insurer have sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant.

This court continues to follow the test established in *Chelette*.  *See Breaux v. Travelers Insurance Company*, 87-309 (La. App. 3 Cir. 5/11/89), 526 So.2d 284.  Likewise, Firestone's refusal to provide coverage was not arbitrary and capricious, as such, it is not liable for attorney's fees. *Freeman v. Brown's Furniture of Bunkie, Inc.*, 527 So.2d 544 (La. App. 3 Cir. 1988).  *See also* La.R.S. 23:1201.2.

Plaintiff argues the employer failed to investigate Ardoin's claim.  We disagree.  The employer did all it could do short of trial on the merits.  It is well settled that an employer or insurer should not be penalized for seeking judicial resolution of close issues.  *Trudell v. State, Office of Risk Management*, 465 So.2d 184 (La.App. 3 Cir. 1985); *Mallet v. Louisiana Nursing Homes, Inc.*, 459 So.2d 178 (La.App. 3 Cir. 1984), *writs denied*, 463 So.2d 604(la. 1985); *Thompson v. Natchitoches Parish Hospital Service District*, 335 So.2d 81 (La. App. 3 Cir. 1976), *writ denied* 338 So.2d 298 (La. 1976) and *Breaux v. Travelers*, 526 So.2d at 292.  In *Thompson* we stated:

11

> We find manifest error in the trial court determination that the insurer was arbitrary and capricious in defending this claim. Since claimant bears the burden of proof to establish that her disability resulted from a job related accident, defendants were not arbitrary and capricious in making the decision to defend this claim where the employee: 1) was involved in a minor accident, 2) continued working for five weeks after the accident, 3) did not report the accident for two months, and 4) did not show or complain of pain or disability to co-workers during her five weeks of work following the accident.

*Thompson,* 335 So.2d at 85.

The doctor did not witness the bicycle accident, and his opinion that Ardoin's injuries occurred on the job is unquestionably dependent on Ardoin's version of the events, thus this case turned almost entirely on Ardoin's credibility at trial. The trial court accepted his version, but the employer should not be penalized for the absence of evidence to further controvert this case. We therefore reverse and vacate that part of the judgment which awarded Ardoin attorney fees and penalties.

V.

**CONCLUSION**

The judgment in favor of Kenneth Ardoin is affirmed. That part of the judgment awarding Ardoin attorney fees and penalties is reversed and vacated.

**AFFIRMED IN PART, REVERSED IN PART.**
**THIBODEAUX, CHIEF JUDGE, DISSENTS AND ASSIGNS WRITTEN REASONS. PAINTER, J. DISSENTS FOR THE REASONS ASSIGNED BY THIBODEAUX, CHIEF JUDGE.**

KENNETH ARDOIN

VERSUS

FIRESTONE POLYMERS, LLC

**THIBODEAUX, Chief Judge, dissenting in part.**

I dissent from the refusal of the majority to award penalties and attorney fees. The majority recognizes that "this case turns almost entirely on Ardoin's credibility at trial. The trial court accepted his version, but the employer should not be penalized for the absence of evidence to further controvert this case." There is a complete absence—which the majority concedes—to controvert this case.

If the employer fails to timely pay workers' compensation benefits, the employee is entitled to penalties and reasonable attorney fees unless the employee's claim is reasonably controverted. *See* La.R.S. 23:1201. It is well known that an employer could reasonably controvert a claim if the employer "engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed." *Brown v. Texas-LA Cartage, Inc.*, 98-1063, p. 9 (La. 12/1/98), 721 So.2d 885, 890. The employer has a continuing duty to investigate its employee's claim and to assess factual information before it denies the benefits. *Penn v. Wal-Mart Stores, Inc.,* 93-1262 (La.App. 3 Cir. 6/15/94), 638 So.2d 1123, *writ denied*, 94-1835 (La. 10/28/94), 644 So.2d 651. Thus, failure to investigate the employee's claim subjects the

employer or insurer to penalties and attorney's fees. *McClendon v. Keith Hutchinson Logging*, 96-2373 (La.App. 1 Cir. 11/7/97), 702 So.2d 1164, *writ denied*, 97-2872 (La. 2/13/98), 706 So.2d 995. Finally, "a workers' compensation claimant is entitled to an increase in attorney's fees for time incurred in defending an employer's unsuccessful appeal." *Warren v. Maddox Hauling*, 02-733, p. 6 (La.App. 3 Cir. 12/4/02), 832 So.2d 1082, 1087, *writ denied*, 03-4 (La. 4/21/03), 841 So.2d 791.

Firestone argued that it had nothing to investigate because Ardoin "concealed the accident when asked the question directly by the safety supervisor." Yet, Firestone did not investigate before it denied Ardoin's workers' compensation benefits claim which was filed in December 2007. Firestone did not present any evidence, either factual or medical, that would reasonably counter Ardoin's account of the events and his medical evidence. Thus, I conclude no manifest error occurred with the WCJ's finding that Firestone did not reasonably controvert Ardoin's claim.

For the foregoing reasons, I respectfully dissent.