# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT


## 04-725


NANCY OLANDER

VERSUS

SCHILLILAEGH'S


**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION
DISTRICT 09, PARISH OF IBERIA, NO. 02-06450
HONORABLE GLYNN VOISIN, WORKERS' COMPENSATION JUDGE

**************
## SYLVIA R. COOKS
## JUDGE
**************

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett and Billy Howard Ezell, Judges.

**WRIT GRANTED; JUDGMENT REVERSED;
WRIT OF MANDAMUS DENIED.**

C. Benjamin Landry
1309 Lafayette Street
Lafayette, LA 70501
(337) 232-9806
COUNSEL FOR PLAINTIFF/APPLICANT:
    Nancy Olander


Dennis R. Stevens
Gibbens & Stevens
222 West St. Peter
New Iberia, LA 70560
(337) 367-8451
COUNSEL FOR DEFENDANT/RESPONDENT:
    Schillileagh's

**COOKS, Judge.**

We grant plaintiff, Nancy Olander's, application for supervisory writs to consider whether the Office of Workers' Compensation (OWC) erred in denying her exception of prescription filed in response to defendant-respondent, Schillileagh's, Motion for Nullity. Olander also filed an application for a Writ of Mandamus against the Office of Workers' Compensation (OWC) asking that it enforce the previous judgment handed down by this court.

## FACTS

In our previous decision in this case, *Olander v. Schillileagh's*, 99-1896, p. 1 (La.App. 3 Cir. 4/19/00), 759 So.2d 261, 262-263, *writ denied*, 00-1416 (La. 9/15/00), 768 So.2d 1279, we set forth the following recitation of facts:

> On May 6, 1996, Olander suffered a work-related injury when she slipped and fell while working as a waitress for the defendant, Schillileagh's. She suffered injuries to her left side, including her neck, shoulder, lower back, and hip, and was examined over the course of her treatment by at least five different doctors. She was released to a sedentary to light-duty work restriction on April 9, 1998, by her treating orthopedic surgeon, Dr. William Andre' Cenac.

> On May 4, 1998, Olander suffered further injury when her left hip gave out causing her to fall down a flight of stairs at home. Olander's family physician, Dr. James R. Romero, recommended that she seek treatment from the emergency room of the Iberia Medical Center. X-rays revealed a fracture of the superior, anterior aspect of the L4 vertebral body. Olander was placed on pain medication and discharged. She returned to the emergency room the next day complaining of intractable pain in her back and left leg. She was admitted to the hospital by Dr. Harold Hebert; further diagnostic testing revealed the previously mentioned fracture and a small area of disc herniation at the L5-S1 disc level on the left. On September 10, 1998, Dr. Douglas Bernard performed an anterior interbody fusion at the L5-S1 disc level.

> Olander filed a disputed claim for compensation on April 3, 1998, complaining that Schillileagh's refused to approve surgery needed to correct her condition. Although the record is not clear, this surgery was evidently proposed because Olander was suffering from thoracic outlet syndrome. Olander suffered the fall which is currently at issue after

-1-

filing her claim. In her August 8, 1998 pre-trial statement, she first mentions that she "has further reinjured herself as a direct result of her continued disability and inability to ambulate" Schillileagh's denied responsibility for the surgery. Following a hearing on the issue of causation for the subsequent fall and injury, the workers' compensation judge issued a judgment in favor of Schillileagh's, finding that Olander failed to prove a causal connection between her work-related injury and her May 4, 1998 fall. This appeal followed.

This court reversed the judgment of the OWC, "finding a causal connection between her work-related injury and her subsequent fall and resulting injury and that Schillileagh's is responsible for her medical expenses and workers' compensation benefits." *Id*. at 268. The case was remanded to the OWC for a determination of the amount of benefits due. Schillileagh's writs to the supreme court were denied. *Olander v. Schillileagh's*, 00-1416 (La. 9/15/00), 768 So.2d 1279.

Before the OWC determined the benefits due on remand, Schillileagh's filed a Motion for Nullity seeking to set aside this court's judgment on the basis that Olander was guilty of fraud and ill practices by failing to disclose prior medical treatment for a 1994 automobile accident at her trial or in her pre-trial deposition. Olander filed an Exception of Prescription in opposition to the Motion for Nullity, contending Schillileagh's received the medical records upon which the fraudulent claim is based nearly three years before it filed the Motion for Nullity. Thus, the Motion for Nullity is not timely.

The OWC denied the Exception of Prescription, finding Schillileagh's "had no basis to assert claimant was involved in an automobile accident[s] prior to the taking of her deposition on October 20, 2003. The only medical report indicating claimant was involved in prior automobile accidents were the handwritten notations on Dr. Snellgrove's report on May 19, 1994, and the notations were not substantiated by any other medical records."

Olander filed this application for supervisory writs contending the denial of the

Exception of Prescription will cause undue hardship to the claimant who has yet to receive benefits over four years after this court rendered judgment in her favor. Claimant also filed an application for a Writ of Mandamus requesting this court exercise our supervisory jurisdiction and order the OWC to immediately determine the benefits due her.

**ANALYSIS**

La.R.S. 23:1208 governs the consequences of false statements made by parties in connection with a workers' compensation claim. Under that statute, for there to be a forfeiture of benefits, the claimant must have: (1) made a false statement or representation; (2) willfully made the statement or misrepresentation; and (3) made the statement or misrepresentation for the purpose of obtaining or defeating any benefits or payments. *Resweber v. Haroil Constr. Co.*, 94-2708 (La.9/5/95), 660 So.2d 7. All of those requirements must be present to obtain a forfeiture of benefits. *Harris v. Bancroft Bag, Inc.*, 30,431 (La.App. 2 Cir. 4/9/98), 714 So.2d 44. R.S. 23:1208 is penal in nature and must be strictly construed. *Wallace v. Lavergne Transport*, 02-123 (La.App. 3 Cir. 6/12/02), 819 So.2d 508, *writ denied*, 02-1896 (La.10/25/02), 827 So.2d 1176.

"La.Code Civ.P. art.2004 provides that a final judgment obtained by fraud or ill practices may be annulled, but said action to annul the judgment on those grounds 'must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.'" *Lowe's Companies, Inc. v. Leblanc*, 02-730, p. 3 (La.App. 3 Cir. 2/5/03), 839 So.2d 434, 437.

The issue before this court is at what point Schillileagh's acquired the necessary information of Olander's alleged fraud and ill practices to file its Motion for Nullity.

On December 15, 2000, Schillileagh's sent a subpoena to Columbia Dauterive Hospital and Dr. Boyd Snellgrove requesting Olander's medical records. Schillileagh's received both sets of medical records by December 28, 2000. In those records, there was a catscan dated May 19, 1994, upon which there was a handwritten notation, "MVA: 5/12/94 low back pains numbness LT arm leg." Also contained in both sets of records was a document, dated May 18, 1994, showing lumbar and cervical spine x-ray studies upon which was handwritten, "Lt arm numbness & lower back numbness."

Schillileagh's contends the mere receipt of Dr. Snellgrove's report "was woefully inadequate and incomplete to assert a motion for nullity." Schillileagh's further alleges it "was unable to obtain any other records to substantiate" the handwritten note on the report. Thus, Schillileagh's takes the position that it needed Olander's deposition testimony before it had a "substantial basis upon which to file an action for nullity." According to Schillileagh's, after the discovery of the handwritten notation on the medical report, its attempt to take Olander's deposition was "met with opposition at every corner." Except for its bare bones allegation of resistance, Schillileagh's does not point to any specific examples in its brief and it did not take any steps to secure Olander's deposition for nearly three years after receiving the relevant medical records.

We find the OWC erred in finding Schillileagh's had no basis upon which to claim an automobile accident occurred. The handwritten language on the medical records clearly indicates Olander was involved in a motor vehicle accident for which she sought medical treatment. In its memorandum in opposition to the exception of prescription, Schillileagh's admits receipt of Dr. Snellgrove's records. Schillileagh's also notes in its memorandum that Dr. Snellgrove's records contained "a report of a

catscan of the lumbar spine performed on May 19, 1994. This report is dated some two years after the accident at Golden Corral which claimant denied occurring in her deposition and trial testimony two years before her accident with employer." Although it claims the handwritten notation was "woefully inadequate and incomplete to assert a motion for nullity," its memorandum belies that statement:

> The catscan report in handwritten notation shows the test was ordered in connection with a motor vehicle accident occurring on May 12, 1994 and that the plaintiff complained of low back pains and numbness in the left arm and leg. The catscan of the lumbar spine revealed that cuts were made from upper body of L3 through the L-5-S-1 interspace. L-3-4 and L-4-5 discs are normal. At L-5 one disc shows a left lateral herniation into the neural foramen. Also a bilateral spondylolysis is seen at the L-5 level. A minimal first-degree anterior spondylolisthesis of L-5 on S-1 is also noted. The impression was L-F-S-l disc herniation into the left neural foramen. Plaintiff's left disc herniation at the L-5-S-1 level was precisely the injury noted on the CT scan as per Dr. Harold Hebert's discharge summary on May 6, 1998 following the fall at home showing a compression fracture superior vertebral end plate of L4, herniated nucleus pulposus L5-S1 on the left.

At a minimum, Schillileagh's was placed on notice by the records received on December 28, 2000, and its delay in taking Olander's deposition for nearly three years is inexcusable. The Motion for Nullity was not filed until November 4, 2003. The OWC erred in not granting Olander's Exception of Prescription and dismissing Schillileagh's Motion for Nullity.

Olander also asks this court to grant a Writ of Mandamus, commanding the OWC to determine the amount of benefits owed to her within a reasonable time frame. La.Code Civ.P. Art 3781 provides that a writ on mandamus may be ordered by the court only on petition. Thus, the proper procedure for a writ of mandamus has not been met in the present case.

## DECREE

For the foregoing reasons, we reverse the OWC's judgment denying the

Exception of Prescription and dismiss Schillileagh's Motion for Nullity. Olander's request for issuance of a Writ of Mandamus is denied. All costs of this appeal are assessed to Defendant-Respondent, Schillileagh's.

**WRIT GRANTED; JUDGMENT REVERSED; WRIT OF MANDAMUS DENIED.**