STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-1473

JIM WALTER HOMES, INC.

VERSUS

JOHN C. GUILBEAU

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 03-03427
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Michael G. Sullivan, Judges.

AMY, J., CONCURS IN THE RESULT AND ASSIGNS REASONS.

AFFIRMED.

Harry Karl Burdette
300 Stewart Street
Lafayette, LA 70501
Telephone:  (337) 233-1471
COUNSEL FOR:
        Defendant/Appellant - John C. Guilbeau

Matthew M. Putfark
Juge, Napolitano, Guilbeau, Ruli, Frieman & Whiteley
2645 O'Neal Lane - Building D
Baton Rouge, LA 70816
Telephone:  (504) 831-7270
COUNSEL FOR:
        Secondary Plaintiff/Appellant - Jim Walter Homes, Inc.

THIBODEAUX, Chief Judge.

Defendant and claimant, John Guilbeau (Mr. Guilbeau), and his former employer, Plaintiff, Jim Walter Homes, Inc. (JWH), through its workers' compensation insurance carrier, Lumbermen's Underwriting Alliance (LUA), both appeal the judgment of the Office of Workers' Compensation (OWC). Mr. Guilbeau appeals the judgment that he made a willfully false statement for the purpose of obtaining and continuing workers' compensation benefits in violation of La.R.S. 23:1208. JWH and LUA appeal the judgment that they unreasonably paid the first week of benefits to Mr. Guilbeau in a late and untimely manner, and therefore should be cast with a penalty and attorney fees. For the following reasons, we affirm the judgment of the OWC.

I.

**ISSUE**

We shall determine:

1.     whether the workers' compensation judge (WCJ) committed manifest error in finding that Mr. Guilbeau made a willfully false statement for the purpose of continuing receipt of workers' compensation benefits, thereby violating La.R.S. 23:1208; and,

2.     whether La.R.S. 23:1208, when violated, requires the forfeiture of benefits retroactive to the date of entitlement, or prospectively from the date the violation occurred.

II.

**FACTS**

In July of 1999, Mr. Guilbeau was employed by Corey Freeman to perform roofing and framing duties on new home construction projects. Corey Freeman was a subcontractor hired by JWH. On July 9, 1999, while in the course and

scope of his work duties, Mr. Guilbeau fell off of a roof. He landed approximately twenty to twenty-five feet below on his buttocks and feet. As a result of this fall, he sustained serious injuries to his right ankle and heel. He also experienced serious back pain and injury as a result of the accident. He underwent a number of surgeries and still receives continuous medical treatment.

Mr. Guilbeau received indemnity and medical benefits from the date of his accident through the end of March, 2003. In order to receive his benefits, he was required to fill out an Employee Monthly Report of Earnings, called Louisiana Department of Labor - Workers' Compensation Form 1020. Mr. Guilbeau did not always timely send in Form 1020 every thirty days as required. He admitted that in 2003, he did not turn in his Form 1020 for the months of April, May, and June of that year until July of 2003.

In April of 2003, LUA conducted a video-taped surveillance of Mr. Guilbeau which revealed that he was working on roofs and doing the work of a roofer by installing shingles. Mr. Guilbeau denied being able to climb roofs and to perform roofing duties. Video surveillance of Mr. Guilbeau was also conducted on May 9, 2003, showing him actively performing this work. JWH and LUA filed a Disputed Claim for Compensation Benefits with the OWC on May 12, 2003. On June 19, 2003, Mr. Guilbeau's deposition was taken by JWH and LUA for the purpose of prosecuting the claim against him. During the course of that deposition, the following colloquy occurred:

> Q. You mentioned a bunch of different jobs that you've had as far as, like - - I think, at some point, you said you owned a couple lounges. Have you been able - - Have you tried to go back to work doing any of that type of work since your accident?
>
> A. No, sir.

2

Q.    You mentioned that you were a roofer by trade.  Have you been able - - Have you tried to go back to doing roofing work since your accident other than your limited basis with Corey?

A.    No, sir.

Q.    And I think you said, with Corey, all you were really doing was kind of moving the materials for him, bringing the material to him?

A.    Bringing material to him.

Q.    Not getting up on roofs or ladders or anything like that?

A.    No, sir.

Q.    Since your accident, you've kind of not been able to do that, as far as get up on roofs, do that type of work?

A.    Yes, sir.

Q.    Have you been self-employed in any capacity since your accident in 1999?

A.    No sir.

Q.    Have you done any type of odd jobs for friends, family members, since the accident - -

A.    No, sir.

Q.    - - in '99

A.    No, sir.

Q.    So, since 1999, your accident in July of '99, your only employment has been that one to one and a half weeks with Corey Freeman?

A.    Yes, sir.

Based on his sworn statement that he could not get up on a roof or do roofing work compared with the video surveillance of Mr. Guilbeau clearly working on a roof, JWH and LUA alleged that Mr. Guilbeau had violated La.R.S. 23:1208, and should, therefore, forfeit all rights to any and all compensation benefits.

3

Louisiana Revised Statutes 23:1208 authorizes a denial of all benefits to a claimant if that claimant has willfully made a false statement or representation for the purpose of obtaining benefits or payments under Louisiana workers' compensation laws.

The WCJ found that Mr. Guilbeau had made a false statement, willfully, for the purpose of receiving workers' compensation benefits, and therefore had violated La.R.S. 23:1208. Specifically, when Mr. Guilbeau stated in his deposition that he could not get up on roofs, and when he stated that he did not do any roofing work besides handling materials, he had made a willfully false statement. The videotape demonstrated that he had done those activities. His only explanation for his failure to admit that he had done those activities was that he wanted to continue receiving benefits. The WCJ further adjudged that La.R.S. 23:1208(E), requiring forfeiture of any right to benefits, applied only to benefits which might have been owed after the occurrence of the violation. Therefore, the WCJ applied the statute prospectively from the date of the violation, not retroactively to the date when Mr. Guilbeau was first entitled to benefits.

Based on that judgment, the WCJ also found that LUA was late in paying the initial benefits owed to Mr. Guilbeau, and therefore assessed a penalty of $2,000.00 against it, and awarded Mr. Guilbeau $2,500.00 in attorney fees.

Mr. Guilbeau filed this appeal, arguing that his actions did not constitute willful false representations. JWH and LUA also appeal, arguing that La.R.S. 23:1208(E) should be applied retroactively to the date of entitlement to benefits; therefore, the judgment awarding penalties and attorney fees to Mr. Guilbeau for late payment was erroneous.

4

III.

## LAW AND DISCUSSION

### Standard of Review

Louisiana Revised Statutes 23:1208 governs the parameters for determining if a claimant has committed fraud for the purpose of obtaining workers' compensation benefits. The applicable sections of that statute read as follows:

> § 1208. Misrepresentations concerning benefit payments; penalty
>
> A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
>
> . . . .
>
> E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

La.R.S. 23:1208.

Under the unambiguous and clear language of the statute, an employer claiming that an employee has violated La.R.S. 23:1208 must prove "that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment." *Resweber v. Haroil Constr. Co.*, 94-2708, p. 7 (La. 9/5/95), 660 So.2d 7, 12. If the WCJ finds that all three of "these requirements are met, Section 1208 applies and its forfeiture provisions must be enforced." *Id.* at 14.

The determination by a WCJ as to whether a claimant has made a false statement, willfully, for the purpose of obtaining workers' compensation benefits is a finding of fact, and is, therefore, subject to the manifest error standard of review. *Phillips v. Diocese of Lafayette*, 03-1241 (La.App. 3 Cir. 3/24/04), 869 So.2d 313. However, we must keep in mind that La.R.S. 23:1208(E) is penal in nature. Any

5

statute that is penal in nature must be strictly construed in favor of the one receiving benefits under that chapter of the law. *Fontenot v. Reddell Vidrine Water Dist.*, 02-439 (La. 1/14/03), 836 So.2d 14; *Olander v. Schillilaegh's*, 04-725 (La.App. 3 Cir. 3/23/05), 899 So.2d 97.

> La.R.S. 23:1208 authorizes forfeiture of benefits upon proof that (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the purpose of obtaining or defeating any benefit or payment. The statute applies to any false statement or misrepresentation made willfully by a claimant for the purpose of obtaining benefits. All of these requirements must be present before a claimant can be penalized. Because this statute is penal in nature, it must be strictly construed, both in its substantive ambit and in its penalty provisions.

> Concerning the standard of appellate review of a forfeiture claim, the court in *Rowan Cos., Inc. v. Powell*, 02-1894, 02-1895, p. 6 (La.App. 1 Cir. 7/2/03), 858 So.2d 676, 680, *writ denied*, 03-2177 (La. 11/14/03), 858 So.2d 425 (citations omitted), stated:

> > The determination of whether there is a false statement or representation willfully made for the purpose of obtaining any benefit or payment involves inherently factual determinations and, thus, this court's review of those findings by the WCJ is governed by the manifest error standard. Under that standard of review, this court may only reverse the WCJ's decision if we find (1) there is no reasonable factual basis for the finding in the record and (2) the finding is clearly wrong or manifestly erroneous.

*Phillips v. Diocese of Lafayette*, 869 So.2d at 316-17, (quoting in part *Flintroy v. Scott Cummins Salvage*, 36,857, p. 12 (La.App. 2 Cir. 3/10/03), 839 So.2d 1231, 1238, *writ denied*, 03-1068 (La. 6/6/03), 845 So.2d 1093 (citations omitted)).

**La.R.S. 23:1208**

The WCJ had the opportunity of reviewing both written and audio-visual evidence to help guide and inform her judgment. The WCJ had the opportunity to question Mr. Guilbeau during the November 2004 hearing. She determined that Mr. Guilbeau knew he was not telling the truth in his deposition testimony, but made the

statement that he could not go up on roofs so that his workers' compensation benefits would not be terminated. She specifically stated in her written reasons for judgment that:

> from the evidence and from the direct relationship between the false statement and the nature of the claim, that the statement was made willfully for the purpose of obtaining benefits . . . . The WCJ does not believe that Mr. Guilbeau was "confused" at his deposition. Mr. Guilbeau flatly denied getting up on a roof. The video surveillance shows otherwise.

The standard of review by the appellate court of findings of fact by the WCJ is to determine whether the WCJ committed manifest error or was clearly wrong. *Metoyer v. Roy O. Martin, Inc.*, 03-1540 (La.App. 3 Cir. 12/1/04), 895 So.2d 552, *writ denied*, 05-1027 (La. 6/3/05), 903 So.2d 467; *Wiley v. Grand Casino Avoyelles*, 98-1468 (La.App. 3 Cir. 4/21/99), 731 So.2d 518, *writ denied*, 99-2032 (La. 11/5/99), 750 So.2d 180. As long as the record supports the findings of fact of the WCJ, and these findings of fact are reasonable, then an appellate court cannot overturn those findings of fact. *Metoyer,* 895 So.2d 552.

Mr. Guilbeau was given a number of chances to tell the truth about his activities. He instead stated that he did not go up on roofs. Even during the hearing in November of 2004, he still tried to twist the truth about his ability to get up on roofs. He stated, when confronted with the videotape showing him up on a roof for a prolonged period of time, vigorously engaged in what appeared to be roofing activities, that he could get up on a roof, but just could not do it for an eight hour day. He also did not voluntarily disclose other work activities he had performed until confronted with evidence of those acts during the hearing.

While this court has made clear that the penalty provision found in

7

La.R.S.23:1208 must be strictly construed, the Louisiana Supreme Court has made it equally clear that the legislature intended it to be used in order to stop fraudulent abuses of the workers' compensation system.

> The legislature has determined workers' compensation fraud is a severe and growing problem and has continually amended Section 1208 to make it easier to enforce and to make the penalties stiffer. It is clear from the history of the statute that the legislature intended that any false statements or representations willfully made for the purpose of obtaining benefits would result in forfeiture of those benefits, and this legislative intent cannot be ignored.

*Resweber,* 660 So.2d at 12-13.

We find no manifest error in the findings of fact of the WCJ. The evidence in the record supports her conclusion that Mr. Guilbeau's statement on June 19, 2003 was a willful misstatement, made for the purpose of continuing to obtain benefits under the Louisiana workers' compensation system. Therefore, the judgment of the OWC that Mr. Guilbeau violated La.R.S. 23:1208 is affirmed.

## Forfeiture of Benefits – Retroactively to Date of Entitlement or Prospectively From the Date of the False Statement?

One of the purposes of Louisiana Workers' Compensation Act is to provide a humane solution to the potential diminution of earning capacity and lack of medical care that an injured worker might experience.

> It is well established that the workers' compensation act is remedial in nature. In order to effectuate the humane policies it reflects, the law is to be liberally construed in favor of the injured employee. *Breaux v. Travelers Ins. Co.*, 526 So.2d 284 (La.App. 3rd Cir. 1988). Provisions of the worker's compensation law should be liberally construed in favor of the claimant. *Lester v. Southern Casualty Insurance Company*, 466 So.2d 25 (La.1985); *Hill v. L.J. Earnest, Inc.*, 568 So.2d 146 (La.App. 2d Cir. 1990), *writ denied*, 571 So.2d 652 (La.1990).

*Pinkins v. Cardinal Wholesale Supply, Inc.*, 619 So.2d 52, 55 (La.1993). With this standard of review as our guide, we now turn to the question of *when* the forfeiture

8

of benefits should commence when a WCJ has decreed that a claimant has violated La.R.S. 23:1208.

In *Apeck Construction, Inc. v. Bowers*, 03-486 (La.App. 3 Cir. 12/10/03), 862 So.2d 1087, *writs denied*, 04-459 (La. 4/23/04), 870 So.2d 301, this court answered the question as to when the forfeiture of benefits required for a violation of La.R.S. 23:1208 should begin. Based on the language of La.R.S. 23:1208(D), it was clear to this court that forfeiture of benefits must occur after the fraudulent statement or representation is made, and the employer becomes aware of this act. The language of La.R.S. 23:1208(D) reads as follows:

> D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars nor more than five thousand dollars payable to Kids Chance Scholarship Fund, Louisiana Bar Foundation, and may be ordered to make restitution. *Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.*

(emphasis added).

Our court's reasoning underlying this interpretation of subsection D and its guidance regarding the date when forfeiture of benefits becomes effective remains true today:

> The reason for this is simple. Before the misrepresentation there has been no punishable conduct. The triggering mechanism is the fraudulent conduct. *Resweber*, 660 So.2d 7, (See footnote 7). Once the misrepresentation occurs, the provisions of La.R.S. 23:1208 apply, and from that point the claimant's right to benefits is forfeited. Any other interpretation would have the effect of promoting a system whereby the employers would fail to commence the payment of workers' compensation benefits in the hope of a future false statement which would relieve it completely of the obligation of paying workers' compensation benefits, including its own actions which would be punishable under the Workers' Compensation Act. This would thwart the

9

purpose of the Workers' Compensation Act which "was passed for the joint benefit of labor and management in order to insure that employees who became disabled as a result of their labors in hazardous industries would have, during the period of their disability, a weekly income for the upkeep of themselves and their families." *O'Regan v. Preferred Enters., Inc.*, 98-1602, p. 5 (La. 3/17/00), 758 So.2d 124, 128 (quoting *Atchison v. May*, 201 La. 1003, 10 So.2d 785, 788 (1942)).

*Apeck*, 862 So.2d at 1093.

Further, the first circuit agrees with our court's position. In *Leonard v. James Indus. Constructors*, 03-40, p. 9 (La.App. 1 Cir. 5/14/04), 879 So.2d 724, 730, *writ denied*, 04-1447 (La. 9/24/04), 882 So.2d 1139, it explained:

Specifically, where, as here, the misrepresentation is not made at the time of the accident, but occurs at some later time, we believe that the forfeiture should be effective at the time of the misrepresentation, rather than the time of the accident.

Interpreting La. R.S. 23:1208 to require forfeiture of benefits from the time of the misrepresentation prospectively, and not retroactively, comports with the law and jurisprudential rules on statutory interpretation. The word "any" in the statute is quantitative, not temporal. As noted previously, statutory forfeiture of workers' compensation benefits is a harsh remedy and, as such, must be strictly construed. It is also noteworthy that the statute is quasi-penal, and such statutes are to be strictly construed. *See Faught v. Ryder/P*I*E Nationwide, Inc.*, 543 So.2d 918, 921 (La.App. 1st Cir. 1989), *writ denied*, 545 So.2d 1040 (La.1989). Further, retroactive application would not result in a "forfeiture" of benefits, but, in effect, a "denial" of benefits, if it included benefits to which the employee was undisputedly entitled.

*Id*. (footnote omitted).

This conclusion only makes logical sense given the requirements for application of La.R.S. 23:1208. An employer must prove, and a WCJ must find, that a claimant made a false statement or representation, that it was willfully made, and made for the purpose of obtaining benefits. The employer bears the burden of proving that a claimant has violated La.R.S. 23:1208. *Id.* All three requirements of

10

that statute must be proven in order for a claimant to risk forfeiting his or her workers' compensation benefits. "Forfeiture is a harsh remedy and statutory forfeiture must be strictly construed. An employer has the burden of proving each element within the statute, and the lack of any one of the elements is fatal to an employer's avoidance of liability. *Wise*, 707 So.2d at 1218." *Id*. at 728 (citing *Wise v. J.E. Merit Constructors, Inc.*, 97-684 (La. 1/21/98), 707 So.2d 1214). If La.R.S. 23:1208(E) were applied retroactively to the date when benefits first accrued, a claimant would lose *all* benefits, not just those for which there is actual proof that benefits are being obtained or continued via a false, willful statement. To penalize a claimant retroactively for current acts of fraud would go against the beneficent purpose of the statute, and would betray the purpose underlying a strict interpretation of the penalty provisions therein. If the legislature meant to provide such a harsh remedy, the words "retroactive to the date when benefits accrued" would have to be in La.R.S. 23:1208(E). To find otherwise would mean we were strictly construing the penalty provision in favor of the employer, not the claimant.

We, therefore, find that the WCJ was eminently correct in ordering that all workers' compensation benefits that Mr. Guilbeau might be due from June 19, 2003 through to the present and future regarding this particular accident and resulting injuries are forfeited. It would have been clearly wrong to order otherwise.

### Penalty and Attorney Fees to Mr. Guilbeau for Late Payment of Initial Benefits

The standard of review by an appellate court of the WCJ's imposition of penalties and attorney fees on an employer is that of manifest error. "Whether an employer should be cast with penalties and attorney's fees is a finding of fact which will not be reversed in the absence of manifest error." *Wiley*, 731 So.2d at 524. Therefore, since we find that La.R.S. 23:1208 applies prospectively from the date the

11

claimant made a false, willful statement or representation for the purpose of obtaining benefits, the WCJ's judgment assessing penalties and attorney fees against JWH and LUA for late payment of benefits which accrued prior to June 19, 2003 is affirmed.

**Constitutionality of La.R.S. 23:1208**

Mr. Guilbeau asks this Court to review the constitutionality of La.R.S. 23:1208. Because he did not raise this question in the proper procedural manner, it is not properly before this court. In order to raise the constitutionality of any provisions of the workers' compensation statute, one must follow the procedures outlined in La.R.S. 23:1310.3(F), which states:

> F. (1) Any party challenging the constitutionality of any provision of this Chapter shall specially plead such an allegation in the original petition, an exception, written motion, or answer, which shall state with particularity the grounds for such an allegation.
>
> (2) Within thirty days of the filing of any pleading raising the issue of unconstitutionality, the party making such an allegation must file a petition in a state district court of proper jurisdiction for purposes of adjudicating the claim of unconstitutionality. Said filing shall be given priority in hearing such claim not more than ten days from being presented to the district court.
>
> (3) Failure to follow the procedures set forth in this Section shall bar any claim as to the unconstitutionality of any provision of this Chapter on appeal.

Mr. Guilbeau's constitutional challenge was made in a motion for a new trial. Further, it is axiomatic that such a matter must first be pled with specificity before a trial court prior to consideration by an appellate court.

IV.

**CONCLUSION**

The penalty provision in the Louisiana workers' compensation statute allowing for forfeiture of benefits if a claimant is proved to have made a false

12

statement, willfully, for the purpose of obtaining benefits must be strictly construed in favor of the claimant because of the beneficial purposes of the workers' compensation statute. However, when a WCJ makes a finding of fact that a claimant has indeed met all of the requirements for forfeiture, an appellate court must review those findings of fact under the manifest error standard of review. The WCJ found that when Mr. Guilbeau directly stated, under oath, that he could not get up on roofs, and could not perform roofing duties he made a false statement, willfully, in order to obtain benefits under the workers' compensation statute. Given the videotape of Mr. Guilbeau performing roofing duties up on a roof, in direct contradiction to his sworn statement, we affirm the judgment of the WCJ that Mr. Guilbeau was in violation of La.R.S. 23:1208(A) as of the date of that statement, and that he should suffer the forfeiture of any benefits which might accrue under the workers' compensation statute from that point forward as required by La.R.S. 23:1208(E).

The socially constructive purpose of the statute requires that we affirm the prospective application of the penalty provisions from the date of the false, willful statement made to obtain benefits. It would be against the purpose of the statute to penalize a claimant retroactive to the date when benefits accrue. The jurisprudence governing the application and implementation of La.R.S. 23:1208 requires that violations yielding forfeiture must be proven by the one alleging fraud. Unless the one alleging fraud can prove that false, willful statements or representations made to obtain benefits were made when benefits first accrued, forfeiture will only occur prospectively from the date of proven violations.

Given that JWH and LUA cannot prove Mr. Guilbeau violated La.R.S. 23:1208 at the time his workers' compensation benefits first accrued, the WCJ's assessment of a penalty and attorney fees against them for late payment of initial benefits is also affirmed.

13

Mr. Guilbeau is assessed with two-thirds of the cost of this appeal. JWH and LUA are assessed with one-third of the cost of this appeal.

**AFFIRMED.**

NUMBER 05-1473

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

JIM WALTER HOMES, INC.

VERSUS

JOHN C. GUILBEAU

AMY, J., concurring in the result.

I agree with the majority that the workers' compensation judge's determination that the employee violated La.R.S. 23:1208 is supported by the record and must, therefore, be affirmed. I also agree with the majority's conclusion that the penalties and attorney's fees awarded in this case were not forfeited due to the La.R.S. 23:1208 violation. However, I reach this latter conclusion by different reasoning than that expressed by the majority. In my view, the issue is resolved through reference to the wording of Paragraph (E) of that statute which states: "Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to *compensation benefits* under this Chapter." (Emphasis added.) I do not see that penalties and attorney's fees are *compensation benefits,* as are indemnity and medical benefits. *See St. Bernard Parish Police Jury v. Duplessis*, 02-0632 (La. 12/4/02), 831 So.2d 955. Rather than a benefit to which the employee is entitled due to his or her work-related injury, penalties and attorney's fees are a sanction relating to the conduct of the employer. *See Leonard v. James Indus. Constr.*, 03-0040 (La.App. 1 Cir. 5/14/04), 879 So.2d 724, *writ denied*, 04-1447 (La. 9/24/04), 882 So.2d 1139. Under the present circumstances, since the penalties and attorney's fees were due for the employer's action/inaction *prior to* the operative moment of the forfeiture and at a time when the employee was otherwise entitled to compensation benefits under the

chapter, the workers' compensation court correctly concluded that they were owed.

For these reasons, I concur in the result reached by the majority on the issue of forfeiture of penalties and attorney's fees.