# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-749


JOSEPH BABINEAUX

VERSUS

MOSS MOTORS


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 04-01108
SHARON MORROW, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## OSWALD A. DECUIR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Michael G. Sullivan, Judges.

**AFFIRMED.**


H. Douglas Hunter
Guglielmo, Lopez, Tuttle, Hunter
 & Jarrell
P. O. Drawer 1329
Opelousas, LA 70571-1329
(337) 948-8201
Counsel for Defendant/Appellee:
    Moss Motors

Harry K. Burdette
The Glenn Armentor Corporation
300 Stewart Street
Lafayette, LA 70501
(337) 233-1471
Counsel for Plaintiff/Appellant:
    Joseph Babineaux

**DECUIR, Judge.**

Workers' compensation claimant appeals a judgment finding he forfeited benefits under the provisions of La.R.S. 23:1208.

## FACTS

Joseph Babineaux alleges that, on September 11, 2003, he injured his back while loading an air compressor in the course and scope of his employment with Moss Motors. Babineaux filed a disputed claim for benefits, and Moss Motors answered alleging that Babineaux misrepresented his prior medical history in violation of La.R.S. 23:1208 and thereby forfeited his benefits.

Babineaux denied treatment for prior back injuries for which he had settled one lawsuit and confirmed a default judgment in the second. He denied the injuries in pre-hire applications, post-hire and post-accident questionnaires, in his statement, deposition and testimony at his hearing. Despite finding Babineaux likable and a good employee, the workers' compensation judge could not escape the conclusion that he misrepresented his prior injuries for the purpose of obtaining benefits. Accordingly, the workers' compensation judge found that under the provisions of La.R.S. 23:1208, Babineaux had forfeited his benefits. Babineaux lodged this appeal.

## FORFEITURE OF BENEFITS

Babineaux contends the workers' compensation judge erred in finding that he failed to disclose prior injuries for the purpose of obtaining workers' compensation benefits and, therefore, forfeited his right to benefits under the provisions of La.R.S. 23:1208.

In *Resweber v. Haroil Construction Co.*, 94-2708, 94-3138 (La. 9/5/95), 660 So.2d 7, the supreme court noted that in order to forfeit benefits, La.R.S. 23:1208 requires that 1) there is a false statement, 2) it is willfully made, and 3) it is made for the purpose of obtaining or defeating any benefit or payment. An appellate court

reviews factual determinations of the workers' compensation judge under the manifest error or clearly wrong standard. *Alexander v. Pellerin Marble & Granite*, 93-1698 (La. 1/14/94), 630 So.2d 706.

After careful review of the record, we find no manifest error in the workers' compensation judge's determination that Babineaux forfeited his benefits. This was clearly a difficult decision for the workers' compensation judge. However, ultimately, she could not reconcile the claimant's demeanor with the evidence of multiple misrepresentations regarding his prior history of back injuries. She found that she could not credit Babineaux's contention that he did not remember two incidents that involved legal proceedings. Accordingly, this assignment has no merit, and the remaining assignments are moot.

## CONSTITUTIONALITY OF LA.R.S. 23:1208

Babineaux also asks this court to review the constitutionality of La.R.S. 23:1208. Babineaux challenged the constitutionality of the statute in his motion for new trial. This does not comport with the procedures for challenging constitutionality outlined in La.R.S. 23:1310.3(F). Accordingly, we cannot address the issue as it is not properly before this court. *See Jim Walter Homes, Inc. v. Guilbeau,* 05-1473 (La.App. 3 Cir. 6/21/06), 934 So.2d 239.

## DECREE

For the foregoing reasons, the judgment of the workers' compensation judge is affirmed. All costs of these proceedings are taxed to appellant, Joseph Babineaux.

**AFFIRMED.**