STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-663

BEAUREGARD MEMORIAL HOSPITAL

VERSUS

JOY T. BARBER

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT# 3
PARISH OF CALCASIEU, NO. 07-6552
CHARLOTTE L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, J. David Painter, and James T. Genovese,
Judges.

**AFFIRMED**.

Charles V. Musso  Jr.
Plauche, Smith & Nieset
P. O. Drawer 1705
Lake Charles, LA 70602
Counsel for Plaintiff/Appellant:
    Beauregard Memorial Hospital

Michael B. Holmes
Hebert, Holmes & Bertrand
P. O. Drawer 790
Kinder, LA 70648
Counsel for Defendant/Appellee:
    Joy T. Barber

**PICKETT, JUDGE.**

The plaintiffs, Beauregard Memorial Hospital (BMH) and its insurer Highlands Insurance Company (in receivership)(hereinafter referred to collectively as BMH), appeal a decision by a Worker's Compensation Judge (WCJ) finding that its disabled employee, Joy Barber, had not committed fraud, as contemplated by La.R.S. 23:1208, in her dealings with the sitters provided to her by BMH. We affirm the decision of the WCJ.

<b>FACTS</b>

The claimant, Joy Barber, a Certified Nursing Assistant (CNA), was employed by the plaintiff beginning in 1997. While in the course and scope of her employment, she was injured in two different incidents—the first in April of 1999 and the second in May 2000. Both incidents involved the lifting and/or turning of patients and both resulted in injuries to her back/neck requiring a number of surgeries. The surgeries left Ms. Barber with severe functional disabilities which limit her capacity to care for herself. Because of her functional disabilities, Dr. Dean Moore ordered sitters to help Ms. Barber care for herself. Ms. Barber had a number of different sitters. Beginning in 2004, sitter services were provided by D & C Caring Hands. Individual sitters took over in January 2005, beginning with Katy Doucet, who was followed by Amanda Mouton and Claudia Kibodeaux. The last sitter she had was Kelly Perry Lejeune. She engaged Ms. Lejeune's services while renting a trailer from Ms. Lejeune's parents. Hard feelings developed between the parties, and, in September 2007, Ms. Barber discharged Ms. Lejeune and moved to different accommodations. Shortly thereafter, Ms. Lejeune called Cindy Moore, an adjuster at BMH's

1

compensation carrier, and reported that Ms. Barber had insisted that Ms. Lejeune pay her half of the salary she received as Ms. Barber's sitter.

That telephone call prompted BMH to file the current action. After a hearing on the matter, the WCJ found that the plaintiffs had failed to prove that Ms. Barber had violated La.R.S. 23:1208 and dismissed the action at the plaintiffs' costs. The plaintiffs now appeal.

## LAW AND DISCUSSION

The law applicable to the case sub judice was recently discussed by this court in *Acadian Ambulance Service, Inc. v. Darbonne*, 08-983, pp. 2-3 (La.App. 3 Cir. 2/4/09), 6 So.3d 855, 857-58, *writ denied*, 09-523 (La. 4/17/09):

> Louisiana Revised Statutes 23:1208 governs the parameters for determining if a claimant has committed fraud for the purpose of obtaining workers' compensation benefits. The applicable sections of that statute read as follows:
>
> § 1208. Misrepresentations concerning benefit payments; penalty
>
> > A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
>
> > . . . .
>
> > E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.
>
> Under the unambiguous and clear language of the statute, an employer claiming that an employee has violated La.R.S. 23:1208 must prove "that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment." *Resweber v. Haroil Constr. Co.*, 94-2708, p. 7 (La.9/5/95), 660 So.2d 7, 12. If the workers' compensation judge finds that all three of "these requirements are met, Section 1208 applies and its forfeiture provisions must be enforced." *Id.* at 14.

> The determination by a workers' compensation judge as to whether a claimant has willfully made a false statement for the purpose of obtaining workers' compensation benefits is a finding of fact and is, therefore, subject to the manifest error standard of review. *Phillips v. Diocese of Lafayette*, 03-1241 (La.App. 3 Cir. 3/24/04), 869 So.2d 313.

> The determination of whether there is a false statement or representation willfully made for the purpose of obtaining any benefit or payment involves inherently factual determinations and, thus, this court's review of those findings by the WCJ is governed by the manifest error standard. Under that standard of review, this court may only reverse the WCJ's decision if we find (1) there is no reasonable factual basis for the finding in the record and (2) the finding is clearly wrong or manifestly erroneous.

> *Rowan Cos., Inc. v. Powell*, 02-1894, 02-1895, p. 6 (La.App. 1 Cir. 7/2/03), 858 So.2d 676, 680, *writ denied*, 03-2177 (La.11/14/03), 858 So.2d 425 (citations omitted).

> Moreover, we must keep in mind that La.R.S. 23:1208(E) is penal in nature. Any statute that is penal in nature must be strictly construed in favor of the one receiving benefits under that chapter of the law. *Fontenot v. Reddell Vidrine Water Dist.*, 02-439, 02-442, 02-478 (La. 1/14/03), 836 So.2d 14; *Olander v. Schillilaegh's*, 04-725 (La.App. 3 Cir. 3/23/05), 899 So.2d 97.

Ms. Barber never claimed that she did not receive money from the sitters. She explained that the money she received from the sitters was, in one instance, to cover household expenses where the sitter and her family were sharing living quarters with Ms. Barber, and in the other instances, the money was to reimburse her for advances on the sitter's salary or for money lent to cover expenses the sitter could not meet at the time. Although three of the sitters—Amanda Mouton, Claudia Kibodeaux, and Kelly Perry, testified that Ms. Barber demanded one-half of their wages, Cindy Moore, Ms. Barber's claims adjuster, who had spoken to all of Ms. Braber's sitters, testified that only Kelly Perry complained to her that Ms. Barber had demanded half

3

of her pay. We note there was never any allegation that Ms. Barber made claims for any sitter service which had not been provided.

In her reasons for judgment, the WCJ stated the following (emphasis ours):

> The sole issue is whether or not Barber committed fraud involving an arrangement with her sitters whereby the sitters would pay her [part of] the money the sitters earned from the insurer with Barber.
>
> After reviewing the record, considering the law and the evidence, the Court finds that *there is no proof of 1208 fraud.* The evidence was so convoluted, it is very likely that if payments were made to Barber, the sitters paid reimbursements for expenses. There is absolutely no indication that the sitters' services were not provided. These sitter services were recommended by Dr. Dean Moore. If the parties exchanged money, there seems to be a reasonable basis for the exchange.
>
> Under these circumstances, the Court finds that Ms. Barber did not violate the workers' compensation statute by wilfully making a false statement or representation for purpose of collecting workers' compensation benefits. Therefore, the hospital['s] claim for relief is denied.

In *KLLM, Inc. v. Reed*, 00-295, p. 6 (La.App. 3 Cir. 10/11/00), 771 So.2d 728, 731, this court noted:

> [S]tatutory forfeiture is a harsh remedy and, therefore, must be strictly construed. *Benoit v. Frank's Casing Crew*, 97-1522 (La.App. 3 Cir. 5/20/98); 713 So.2d 762, *writ denied*, 98-1697 (La.10/9/98); 726 So.2d 31. . . . Whether an employee has forfeited his right to workers' compensation benefits is a question of fact that will not be disturbed on appeal absent manifest error. *Smith v. Quarles Drilling Co.*, 99-171 (La.App. 3 Cir. 6/2/99); 741 So.2d 829, *writ denied*, 99-1949 (La.10/8/99); 751 So.2d 227.

After reviewing the record, and particularly taking into account the WCJ's advantage of being able to observe the demeanor of the witnesses, we are unable to say the WCJ's decision is manifestly erroneous.

4

Accordingly, for the reasons stated, the decision of the WCJ is affirmed. All costs of this appeal are assessed against the plaintiff/appellant, Beauregard Memorial Hospital.

**AFFIRMED.**